R. L. McLURD and others v. JAMES CLARK and others.[*]

## Evidence—Declarations.

When a deed is put in evidence simply as a declaration, it is subject to the same rules that apply to other declarations, one of the most important of which is that when a declaration is offered in evidence by one party, the opposite party has the right to all that was said at the time in the same connection.

This was an ACTION for the recovery of land, tried before MacRae, Judge, and a jury, at Spring Term, 1884, of LINCOLN Superior Court.

The plaintiffs claimed title from Nathaniel McLurg and offered in evidence a grant from the State to Nathaniel McLurg, dated May 17, 1789, the boundaries of which are marked X Y Z on the plat and covering the "locus in quo," and proved that they were in possession of the land within the letters X L K.

It was admitted that the names McLurg and McLurd were the same. The plaintiffs offered in evidence the will of Nathaniel McLurg devising the land to James McLurg, and proved that they were the heirs of James McLurg.

It was in evidence that Nathaniel McLurg died in 1829.

The defendants offered in evidence a deed from Lawson Henderson to John Cathy, dated in 1825, represented on the plat by the letters L K I D C B A and back to L. Defendants claim under John Cathy and connect themselves with his title, and offered testimony tending to show that John Cathy and those claiming under him cultivated from forty to sixty acres of that part of the Cathy tract below the line F G for sixty years and up to the present time claiming the same adversely under the said title. The defendant testified that he had been in possession of the said tract up to the line L K over thirty years. That the land within the boundaries L K F G (which is the land in dis-

---

[*]The reporter considers it unnecessary for an understanding of the opinion to print the plat accompanying the record.

pute) is wood land.   That he has been using it for timber of all kinds, rails, firewood, saw logs.   That the corner G runs down into the defendant's field which he has had cleared for twelve or fifteen years.

The defendant offered in evidence a deed from J. W. McLurd to one Mullen for one acre of land lying above the line L K which called for the Cathy line.   (This deed was offered only as the declaration of McLurd, one of the plaintiffs, as to the location of the Cathy line claimed by the defendants as the line L K).

The defendant offered in evidence a deed from Nathaniel Mc-Lurg to Lawson Henderson, dated in 1821, and testimony tending to show that said deed covered the same land as the Cathy deed and extended up to the line L K.

The plaintiff in reply offered evidence tending to show that the deed from McLurg to Henderson only extended to the line F G and not to L K, and so did not cover the *locus in quo*, also that the field above the line F G cleared by the defendant was only about one-half acre, and had been extended over the line F G only about a year before the suit was begun; and plaintiff proposed to ask one Mullen, a witness for the defendant, whether or not J. W. McLurd at the time he had made the deed for the one acre to said Mullen had stated that he did not know where the Cathy line was.   Defendant objected.   Objection sustained, and plaintiff excepted.

The plaintiff asked the Judge to charge the jury, "That the declaration in the deed of J. W. McLurd calling for the Cathy line does not operate to carry the land to Cathy or his heirs, and does not estop McLurd from afterwards disputing the Cathy line." This was given with the addition, "It is only some evidence which you may consider in reaching your conclusion where the lines are."   To this addition plaintiff excepted.   The plaintiff asked the following charge: "Adverse possession must be an open notorious possession, such as cultivating the land, clearing and fencing the same, building houses, &c., on the land."   This charge was given, "or using it habitually and not simply occa-

sionally for getting timber, fence-wood or fire-wood." To this addition plaintiff excepted. The presiding Judge had already instructed the jury upon this point, "that actual possession, adverse possession, is not simply the occasional cutting of wood for fences, fires or timber, but it must have been the habitual use of the land under visible lines or boundaries in the usual way in which land is used by its owners." The jury returned a verdict in favor of the defendants. Rule for a new trial. Rule discharged. Plaintiffs appeal to Supreme Court.

*Messrs. Hoke & Hoke, G. F. Bason* and *Batchelor & Devereux* for plaintiffs.

*Mr. W. P. Bynum* for defendants.

Ashe, J. (after stating the facts). The land in controversy was a small part of a large tract granted to Nathaniel McLurd in 1789, and it was in shape a rectilinear triangle having its base at the south of the tract, running from east to west and culminating in an acute angle at the north.

The plaintiffs claim the land in controversy by descent from James McLurd, who claimed his title by devise from Nathaniel McLurd.

The defendant claimed the land under a deed of conveyance from Nathaniel McLurd, dated in 1821, to Henderson, and a deed from Henderson to Cathy, dated in 1825.

The *locus in quo* lies between two parallel lines running across the tract from east to west, which were represented on the plot by the line L K, lying nearest to the apex of the triangle, and the line F G further south of that.

The plaintiffs had been for many years in possession of the tract lying north of these lines, and the defendant and those under whom he claimed for over forty years, in that part of the triangle lying south of those lines.

The land lying between the lines L K and F G was woodland—upon which there had been no clearing until about one year before the commencement of this action. The contention

between the parties was, whether the defendant's deed covered the *locus in quo*.

The plaintiffs insisted that Nathaniel McLurd's deed to Henderson only went as far as the lower line F G, and he had no right to convey any land lying north of that line. But the defendant contended that the deed to Henderson covered the land lying north of the line F G and up to the line L K, but if that was not so, he and those under whom he claimed had had adverse possession of the lappage up to the line L K, under the Cathy deed, for more than thirty years, by using it for getting timber of all kinds, rails, firewood and saw-logs, and to show that the boundaries of his land embraced the *locus in quo*, offered in evidence a deed executed by J. W. McLurd to one Mullen, conveying the land lying above the line F G, which called for the Cathy line. This deed was offered only as a declaration of McLurd, one of the plaintiffs, as to the location of the Cathy line, claimed by the defendants as the line L K. The defendants, in reply to that evidence, proposed to ask Mullen, a witness for defendant, whether or not J. W. McLurd, at the time he made the deed to him, had not stated that he did not know where the Cathy line was.

To this evidence the defendant objected and the objection was sustained by the Court.

In the refusal to admit this evidence we think there was error.

The deed to Mullen was offered simply as a declaration, and as such is subject to the same rules that apply to other declarations, one of the most important of which is, that when a declaration is offered in evidence by one party, the opposing party has the right to all that was said at the time in that connection.

There were some other points raised in the case, but as we are of opinion that His Honor was in error in excluding this evidence it is useless to consider them.

There is error. The judgment of the Superior Court is reversed and this must be certified to that court that a *venire de novo* may be awarded.

Error.                                          Reversed