J. C. CURRIE v. COLIN M. HAWKINS.

*Deficiency in Quantity—Exceptions in Deeds—Recitals
in Deeds—Oral Collateral Agreements—Date of Sum-
mons.*

1. An oral agreement to make good any shortage in quantity,
   entered into contemporaneously with the delivery of a deed
   for land, is valid.

2. A deed stating the area of the land conveyed to be so many
   acres, "more or less," after deducting certain excepted
   tracts, the number of acres in the excepted tracts being
   definitely and positively set out, is *prima facie* evidence
   against the grantor as to the number of acres contained in
   such excepted tracts.

3. A summons is presumed to bear the true date of its issue; but
   it is competent to show that it was not in fact then issued.

118—38

CURRIE v. HAWKINS.

This was a CIVIL ACTION, brought for the recovery of compensation for an alleged deficiency in the area of a tract of land sold by defendant to plaintiff, and tried at Fall Term, 1895, of the Superior Court of MONTGOMERY County, before *Norwood, Judge.*

The plaintiff appealed.

The facts bearing upon the points determined by the Court are set out in the opinion of Associate Justice MONTGOMERY.

*Messrs. Douglass & Spence* and *Black & Adams,* for (appellant).

*Mr. R. O. Burton,* for defendant.

MONTGOMERY, J.: The plaintiff's complaint sets out two causes of action. In the first it is alleged that, by the terms of a deed executed to the plaintiff by the defendant, it is stipulated that if it should turn out that the timber on any part of the land conveyed should prove to have been "boxed" or worked for turpentine before the execution of the deed, then such lands should be estimated at fifty cents per acre, whereas $3.68 was the amount paid per acre for the land.

The plaintiffs allege further as to the first cause of action that, subsequently to the execution of the deed and the payment of the purchase-money, it was ascertained that the timber on 119 acres of the land had been boxed or worked for turpentine, and the plaintiff demands of the defendant the difference between the amount paid for the land upon which the timber was so boxed and the fifty cents estimated value according to the terms of the deed. The answer denied the cause of action.

The court settled the issues, and there appears in the record no exception to them by the plaintiffs. No issue was

submitted as to the cause of action and none asked for by the plaintiffs. The rulings of his Honor, therefore, in refusing to allow testimony on this matter were correct.

The second cause of action is for the reimbursement to the plaintiff by the defendant of an amount which the plaintiff alleges that the defendant agreed to pay him in case there should be a shortage in the number of acres in the land conveyed in the deed. The purchase-money named in the deed is $6,500, and the number of acres 1,768.

The plaintiff was allowed to testify without objection, and said: " I started to read the deed, and Mr. Hawkins, the defendant, took it and read it to me. I asked him the meaning of ' more or less ' in the deed, and he said that it was an expression usually put in deeds. He said that if the deficiency was small it would go for nothing; but he agreed that if there was twenty acres more than 1,768 acres I must pay him for the excess, and that if it lacked twenty acres he would pay me the deficiency. He had told me the tract contained 1,767 acres; this was some days before the execution of the deed." As we have said, the defendant made no objection to the testimony when offered. But as the ruling of his Honor, to which we shall presently refer, may possibly have been based partly upon the effect of this testimony, we will observe that it was perfectly competent for the purpose for which it was offered. *McGee* v. *Craven*, 106 N. C., 351; *Sherrill* v. *Hagan*, 92 N. C., 345.

There was a consent order entered up in the cause by which it was provided that N. M. Thayer should make a survey of the lands conveyed by the defendant to the plaintiff, and on the trial the plaintiffs introduced Mr. Thayer to prove the alleged deficiency in the number of acres in the land conveyed. Without objection he testified as follows: " I know the corners and boundaries—

that is, I surveyed and found them. I found within the boundary 3,470 acres. I had the defendant's deed to plaintiff at the time I made the survey, and surveyed by it. I have made a calculation of the lands excepted and summed them up. I found that the amount of the acres excepted, taking what the deed said as to the acres in the excepted tracts, amounted to 1,948 6–10 acres. I did not survey the excepted tracts. This, taken from 3,470 acres, leaves 1,521 4–10 acres. This amount makes a shortage of 246 and 6-10 acres in the deed. I am now the county surveyor; have been so about twenty years, but not regularly for that time. I took the angles of the courses and distances on my field book. I have not my field notes with me. I can't say that the acreage in the exceptions is correct." The date of the deed from defendant to plaintiffs is 1st day of December, 1885, and the summons in this action is dated 28th November, 1888—three days before it is admitted that the Statute of Limitations would have barred the action. The sheriff's return upon the summons, signed by him, is as follows : " Received February 11, 1889. Served February 11, 1889, by reading the above summons to C. M. Hawkins."

The following issues were submitted to the jury :

" 1. Did the defendant agree with the plaintiff, at the time the deed was executed and delivered and the money paid, and before the deed was delivered and the money paid, that he would repay to the plaintiff the price per acre for any number of acres that the deed might contain less than 1,768 acres ?

" 2. Did the boundaries in the deed, exclusive of the lands excepted, convey less than 1,768 acres ; and if so how many acres less ?

" 3. Did the plaintiff's alleged cause of action accrue within three years next before the beginning of this action ?

" 4. How much is the plaintiff entitled to recover ? "

After the testimony was in his Honor intimated that he would instruct the jury " that the testimony was not sufficient to establish plaintiff's claim of deficiency in acreage, and that if they believed the testimony they should answer the 3rd issue " No."

The plaintiffs submitted to a non-suit and appealed from the judgment.

The testimony of the plaintiff as to the alleged agreement by the defendant to pay him the deficiency in acreage was certainly sufficient to have been submitted to the jury to go to show that agreement, and his Honor most probably had in his mind the manner in which the plaintiff had offered to prove the shortage, through the testimony of Mr. Thayer, when he said that " the testimony was not sufficient to establish plaintiff's claim of deficiency in acreage."

In the argument here the counsel for defendant contended that the only method by which any shortage in acreage, if any existed, could be ascertained, was to run around the whole tract by survey, then to survey each of the tracts which were excepted in the deed from the defendant to the plaintiff, and then to subtract the acreage of the excepted tracts, so ascertained, from the whole. Perchance, he argued, if a survey of the excepted tracts had been made, it would have been ascertained that there was in reality a less number of acres within the metes and bounds, recited in the deeds to the excepted tracts, than they were said to contain, and as the plaintiff under his deed got all of the land except the actual number of acres embraced within

the metes and bounds of the excepted tracts, he might in
this way have gotten the whole of his 1,768 acres.   He
cited as bearing on this question *Gudger* v. *Hensley*, 82
N. C., 481 ; *Brown* v. *Rickard*, 107 N. C., 639, and *Davis*
v. *Stroud*, 104 N. C., 484.

In the first case cited, (*Gudger* v. *Hensley*,) the plaintiff
there claimed title through a grant from the State to Blount
and successive conveyances through intermediate parties
to himself.   In the grant to Blount was the following
exception : " Within which boundary there are 13,735 acres
of land, entered by persons whose names are hereunto
annexed since the date of said Blount's entries and by his
permission, but as they are not yet surveyed their situation
cannot be delineated."   The defendant there contended
that the grant to Blount was inoperative to convey the
land in dispute, by reason of the exception following the
description of the boundaries of the tract, and the plaint-
iff's failure to show that the portion he now seeks to recover
is embraced in the exception.   The grant was introduced
in evidence, and there was no list of names annexed to it,
and no proof offered that any such list was ever annexed.
The Court held in that case that the grant to Blount was
good, but that the exception was void for uncertainty,
which was not cured by proper proof on the trial, and that
the *onus* would have been on the defendant if he had
claimed under the exception in the grant, by proper proofs
to bring himself within the terms of the exception, and not
that the plaintiff should assume the burden.

In the second case cited, (*Brown* v. *Richards*,) the only
question there raised was as to the value and nature of the
estate conveyed in the deed ; whether an admittedly valid
exception in a grant passed to the purchaser under a deed
conveying " two-third shares of all the land remaining
unsold and contained within the boundary of the 30,080

acre tract of land granted by the State of North Carolina in the year 1795 to James Greenlee (and others) and situated in Burke county. Said tract of land is more particularly and fully described in the original State grant." _____It is true that in that case the Court held that the boundary made by the grant " did not consist necessarily and merely of the external metes and bounds of the grant—it embraced as well its internal metes and bounds and limits, and hence it embraced also the location, the metes and bounds of the land excepted from the grant. It had such internal boundary. The grant referred to the excepted land—the entry thereof—its metes and bounds, and these became a part of its own boundary, as much as if the same had been specifically set forth in the grant itself. Hence, all the land remaining unsold and contained within the boundary of the 30,080 acre grant implies the boundary, including that that excludes the exception."

In the last case cited, (*Davis* v. *Stroud,*) it was decided by the Court that where there had been a conveyance of a residue of a tract of land, in an action brought by the grantee for possession against an alleged trespasser, the residue must be distinctly located by competent proof of the quantity which had been sold off before the sale of the residue, and that the deeds themselves to such portions were the best evidence for that purpose.

These cited cases do not help the defendant. The questions of law which they decide are not like the one for decision in this case. The plaintiff here is not suing a trespasser for the recovery of any portion of the land which the defendant conveyed to him. ·If that was the case, it may be that he would have to follow the course marked out in *Davis* v. *Stroud, supra*—prove title to the land and then show that the trespasser was in possession of a part thereof not embraced in the deeds to the excepted tracts—

and the best proof of this would be the deeds themselves. Neither has the plaintiff any trouble with any of the purchasers of the excepted tracts, nor any dispute with them concerning the boundaries of their lands for uncertainty of description or any other cause.  The defendant in his deed to the plaintiff excepted from its operation several tracts of land which had theretofore been conveyed to others, and the exact number of acres in each tract so conveyed is set forth in the deed, not so many acres " more or less," or " about," or " as near as can be estimated," or such like phrases, but the exact number.  The defendant therefore cannot be heard to say, in this action at least, that the plaintiff must prove that the deed from the defendant to him is untrue and that the plaintiff must prove that within the metes and bounds of the deeds to the excepted tracts there are fewer acres than the deeds set forth.  The plaintiff has the right to take the defendant according to the language of the deed, and to assume that the number of acres is properly and truly set out in the deeds to the excepted tracts.  We think therefore that his Honor erred in holding that " the testimony was not sufficient to be submitted to the jury to establish plaintiff's claim of deficiency in acreage."

There remains to be disposed of the plea of the Statute of Limitations.  The date of the issue of a summons, when the matter is in dispute, depends upon the facts connected therewith.  The presumption is in favor of its having been issued at the time it bears date, but the defendant may show to the contrary.  *Webster* v. *Sharpe*, 116 N. C., 466. The defendant has introduced no testimony in this case tending to show that the issuing of the summons was in fact after the date mentioned therein, and he relied simply upon the fact that the sheriff's return showed that it was received two months and a half after its date, to prove

that it was not issued on the day of its date. This fact alone does not rebut the presumption that the summons was issued at the time of its date. It appears from the record that the plaintiff and his attorney were together in the clerk's office on the day of the date of the summons, that on that day the prosecution bond was given and filed, and that the summons was made out and signed by the clerk and delivered to the plaintiff's attorney. It was received and served by the sheriff in ample time for the term of the court next ensuing the date of its issue. We are of opinion, therefore, that the summons in this case was issued on the day it bears date, and, that being so, that the action was not barred at the time it was commenced. There was error in the rulings and judgment of court below.

New Trial.

CLARK, J., did not sit on the hearing of this case.