HENRICO LUMBER COMPANY v. DARE LUMBER COMPANY.

(Filed 15 September, 1920.)

1. **Actions—Venue—Parties—Interest in Lands—Cities—Corporations—Nonresidents.**

   A suit to set aside a deed of trust for lands, and to establish a prior lien thereon in plaintiff's favor, involves an estate or interest therein, within the intent and meaning of our statute, Rev., 419, requiring that the venue of such action shall be in the county wherein the land is situated, and where both plaintiff and defendant are corporations, nonresident of the State, an action brought in a different county from the situs of the

property, wherein neither has property, nor conduct its business, the case falls within the intent and meaning of Rev., 423 and 424; and upon a proper motion aptly made, is removable to the Superior Court of the County wherein the land is situated, and the cause of action arose.

**2. Removal of Causes—Transfer of Causes—Courts—Jurisdiction—Motions—New Parties.**

Where a cause is removable, for improper venue, from the county in which it has been brought, and new parties defendant are made at their own request, such new parties are not prejudiced by the delay of the original defendant to take timely steps to remove the cause to the proper county, when they act promptly and within the time allowed by law.

CIVIL ACTION, heard before *Calvert, J.,* on a motion to remove the same to the county of DARE for trial, which was granted, and the removal ordered. Plaintiff excepted, and appealed to this Court.

The facts are these: The plaintiff sued to recover damages for the breach of a contract by the defendant to sell and deliver to it a certain quantity of pulpwood, for the price of $120,102.10, and also to set aside bonds and a deed of trust on lands for fraud. The Dare Lumber Company, a corporation, issued its bonds to the amount of $6,000,000, and secured the payment of the same by executing a deed of trust to the Commercial Trust Company on its lands in Dare and Pasquotank counties. The contract for the sale and delivery of the pulpwood was authorized and approved by the Metropolitan Trust Company, which corporation was the owner of all the stocks and bonds of the Dare Lumber Company, the approval of that company being based upon a valid consideration, that is, the benefit and advantage which would accrue to it from the pulpwood contract. The Metropolitan Trust Company is now the owner and holder of the bonds of the Dare Lumber Company, secured by the deed of trust, which are alleged to be fraudulent as to the creditors of the said company. The latter company was the original defendant in the action, which was brought in Beaufort County. The other defendants were afterwards made parties, as defendants, upon their own request, and moved that the venue of the action be changed to Dare County, because the cause of action arose there, and the lands described in the deed of trust are situated there, all of the parties being nonresidents of this State. A sale of the lands by the trustee, under the power contained in the deed of trust, was enjoined and other orders made, which, though, it is not material to consider at this stage of the proceedings.

The Metropolitan Life Insurance Company having become the owner of the stocks and bonds of the Dare Lumber Company, the Metropolitan Trust Company had been substituted as trustee in the deed of trust for the Commercial Trust Company. The time for answering expired on 13 July, 1920, and the motion to remove was filed 12 July, 1920.

*Small, MacLean, Bragaw & Rodman for plaintiff.*
*Frank Ewing, P. W. McMullan, and W. A. Worth for defendant.*

WALKER, J., after stating the foregoing material facts: The right to have the place of trial changed from Beaufort County to Dare County would seem to be clear upon the facts. Why the venue of the action was laid in Beaufort County does not appear. It manifestly was not the proper county, as none of the parties resided therein; the cause of action did not arise in that county; nor was any of the land to be affected by the judgment, and described in the deed of trust, situated therein; nor was the business of the companies, or any of them, usually done in that county. But Dare County answered all these requirements. Rev., 419, 423, 424. The plaintiff, as we have remarked, is a Virginia corporation, and the defendants are New York corporations, and those sections fix the venue, which does not include Beaufort County. The law provides that actions for the following causes must be tried in the county where the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, in the following cases:

1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

2. For the foreclosure of a mortgage on real property, etc. Rev., 419.

An action against a corporation created by or under the laws of any other State, government, or country may be brought in the Superior Court of any county in which the cause of action arose, or in which it usually did business, or in which it has property, or in which the plaintiffs, or either of them, shall reside. Rev., 423. This action was brought for the purpose of setting aside the deed of trust, and obtaining a lien thereon superior and prior thereto. It, therefore, comes within the operation of Rev., 419 (not to mention the other sections which are applicable), because the plaintiff seeks the determination, in some form, of an estate or interest in real property. We held in *Wofford v. Hampton,* 173 N. C., 686, that a creditors' bill for setting aside an alleged fraudulent deed of a debtor to his wife was triable only in the county where the land, or some part thereof, is situated. The object of this action is to establish a claim and to annul, for fraud, a deed of trust on lands in Dare County, where the cause of action arose.

There is a suggestion that the motion to remove the case for trial to Dare County was not made within the time prescribed by the statute, but this appears to us to be an erroneous view of the case. It is certain that the insurance company and the trust company made their application for removal in time, and, even if the other defendant was tardy, it could not, by its inaction, prejudice, much less sacrifice, their right of

removal.  These two defendants acted promptly after they were allowed
to become parties.  They would have been mere interlopers had they
taken action to remove before their entrance into the case.  A similar
question was before the Court many years ago in *Knowis v. Baker,* 4
N. C. (Anno. Ed.), p. 196, where *Judge Cameron* said:  "No neglect or
delay in making the application can be fairly imputed to the defendant;
for although the suit has been pending for several terms, yet till he
became interested in it, he had no authority to interfere in it; and the
application for a removal is made at the same term at which he is made
a party to the suit."  Besides, the defendants could not judicially have
known what was the cause of action, and that it was removable to the
proper venue, until the complaint was filed.  As we have said, if the
Dare Lumber Company was too late, or had waived its right, it did not
deprive the other defendants of theirs.·

After providing for the venue of actions concerning real property
(Rev., 419), the statute declares that "in all other cases, the action shall
be tried where the plaintiffs or defendants, or any of them, reside."
Rev., 424.  None of the parties reside in Beaufort County, as they are
all nonresidents.

There was no error in the order.

Affirmed.