MURCHISON NATIONAL BANK v. F. K. BROADHURST, J. J. BROAD-HURST, W. D. AVERY, J. D. UNDERWOOD AND ED. F. WARD.

(Filed 12 June, 1929.)

1. **Abatement and Revival B a—Prior action in which full and adequate relief may be obtained will abate subsequent action.**

   It is the policy of our courts and system of pleading to avoid multiplicity of suits, and where full and adequate relief may be had in a prior action a subsequent action on the same cause of action by the same party will be abated.

2. **Same—In this case held, prior action afforded full and adequate relief, and subsequent action should have been abated.**

   Where in a creditor's bill the plaintiffs seek to set aside certain of the debtor's conveyances on the ground of fraud, and the owner of a note executed by the debtor, and secured by hypothecated bonds, joins in the creditor's bill and seeks to recover on the note and to sell the collateral, and in defense to the action on the note the debtor alleges that he was only an accommodation endorser and that usurious interest thereon was paid which he seeks to recover under the statute, and a motion is made and granted that the other makers and endorsers on the note be made parties and their respective liabilities determined: *Held*, a second action on the same note by the owner thereof, seeking the same relief, brought in a different county against all the makers and endorsers will be abated, since all the issues can be determined in the prior action and full and adequate relief granted therein.

3. **Pleadings B f—Pendency of another action may be taken by answer.**

   Where it does not appear upon the face of the complaint that another action is then pending in another county in which the same relief could be obtained, the objection may be taken by way of answer. C. S., 517.

ADAMS, J., dissents.

APPEAL by defendants, F. K. Broadhurst, and J. J. Broadhurst, from *Sinclair, J.,* at March Term, 1928, of NEW HANOVER. Reversed.

This is an action instituted by plaintiff *on 6 October, 1927,* against defendants, in the Superior Court of New Hanover County, to recover of defendants their pro rata liability on $100,000 demand note executed by defendants and J. H. B. Tomlinson and W. H. Austin, dated 30 June, 1925, with interest from 11 August, 1926. As collateral security for the payment of the note there were hypothecated 100 bonds of the par value of $1,000 each, totalling $100,000 first mortgage bonds of Smithfield Mills, Inc. It is alleged that the note is due, unpaid and demand has been made for payment.

The plaintiff prays for judgment against defendants for their pro rata liability upon said note—5/7ths of $100,000 and interest from 11 August, 1926, and decree of foreclosure of the bonds hypothecated.

The defendants, F. K. and J. J. Broadhurst, entered a special appearance and made a motion to *abate this action,* on the ground that an action by the same plaintiff and against the same defendants was instituted in the Superior Court of Johnston County *16 March, 1927,* and is now pending in said county. A certified copy of the record of said action in the Superior Court of Johnston County is appended to the motion. The action in the Superior Court of Johnston County is entitled "The Armour Fertilizer Works, a corporation, . . . Murchison National Bank, a corporation, . . . and all other creditors of F. K. Broadhurst, etc., *v.* F. K. Broadhurst, Trustee, F. K. Broadhurst, Nell Broadhurst, E. D. Broadhurst, and J. J. Broadhurst."

Section 11 of the complaint alleges: "That heretofore on 13 August, 1925, the said defendant, F. K. Broadhurst, became indebted to the plaintiff, Murchison National Bank, in the sum of $100,000, which sum is now due, with interest thereon at 6% from 15 February, 1927; the said plaintiff holds as collateral security of said debt 100 first mortgage bonds of Smithfield Cotton Mills, for the par value of $100,000, but, which, as said plaintiff is informed and believes, are really worth a much smaller sum, and this plaintiff stands ready to sell the same and apply the net proceeds on said indebtedness so as to determine the exact amount of the balance due thereon." It will be noted that the dates of the $100,000 notes and interest are different, but this is immaterial, as the debt is the same.

It further sets forth certain alleged indebtedness of F. K. Broadhurst due to defendant, E. D. Broadhurst, secured by certain deeds in trust on certain lands in Johnston County, made by F. K. Broadhurst, in which his wife, Nell Broadhurst, joins. The said deeds in trust are also signed by F. K. Broadhurst, trustee. Also certain alleged indebtedness due to defendant, J. J. Broadhurst, secured by deed in trust on certain lands in Johnston County in which his wife joins.

The complaint further alleges: "That while the said deeds in trust are, in form, deeds of trust, no third parties are named therein, and the indebtedness recited therein purports to be indebtedness of the defendant, F. K. Broadhurst, to the said E. D. Broadhurst, and J. J. Broadhurst.

That the defendants, F. K. Broadhurst and Nell Broadhurst, are husband and wife, and the defendants, E. D. Broadhurst and J. J. Broadhurst are, as plaintiffs are informed and believe, brothers of the defendant, F. K. Broadhurst; that as plaintiffs are informed and believe, at the time of the execution and registration of the aforesaid deeds of trust, there was no present valuable consideration paid by the grantees thereof for the same, and that the said F. K. Broadhurst was not indebted to either J. J. Broadhurst or E. D. Broadhurst in any substantial sum whatsoever.

"That the plaintiffs are informed and believe that the said deeds of trust were executed on the part of the grantors therein named with the intent to delay, hinder and defraud the plaintiffs, creditors of F. K. Broadhurst, as well as all other creditors, of their just and lawful actions and debts, and that the said F. K. Broadhurst well knew that he was then indebted to the plaintiffs, as well as to the United States Government for taxes, as above set forth, and to various and sundry other creditors, and while he was being pressed for the payment thereof, he executed voluntarily the aforesaid deeds of trust with the intent thus to encumber his property so as to prevent and to delay and to defraud the plaintiffs in the collection of their debts out of his property.

"These plaintiffs are informed and believe that the said deeds of trust are void in law, for that, at the time of the making thereof, the said defendant, F. K. Broadhurst, did not retain property fully sufficient and available for the satisfaction of his then creditors, but, in fact, retained no property of any substantial amount, and, although insolvent when making the said deeds of trust, the execution of the same, if allowed to stand as valid encumbrances practically withdraws from his then creditors all of the property of the said F. K. Broadhurst by said voluntary deeds of trust."

The prayer is as follows: "Wherefore, the plaintiffs pray judgment against the defendant, F. K. Broadhurst, in the amount of their respective debts above set out, and for a restraining order and injunction to prevent the transfer of the notes described in the said deeds of trust, and that the said deeds of trust be set aside and declared null and void, and for costs and for such other and further relief as to the court may seem just and proper."

In answer to paragraph 11 of the complaint, defendants say: "Paragraph 11 is untrue as stated and is denied. The facts as to the matters set out in said paragraph are: That some time prior to 13 August, 1925, the Ivanhoe Manufacturing Company executed a note to the Murchison National Bank in the sum of $100,000; and that on the said note F. K. Broadhurst was an accommodation endorser along with other endorsers, to wit: W. H. Austin, E. F. Ward, W. D. Avery, J. H. B. Tomlinson, J. D. Underwood and B. B. Adams. It is admitted that interest on the said $100,000 has been paid to 15 February, 1927. It is admitted that said plaintiff holds collateral security for the said $100,000 debt, 100 first mortgage bonds of Smithfield Mills, Inc., par value of $100,000. But it is untrue and is denied that said bonds are worth a much smaller sum. Defendants say that the claim of the plaintiff upon the said $100,000 note is subject to an offset on account of usurious interest executed and paid and on account of the penalty of usurious interest executed and paid on such as will more fully hereinafter appear. And

further that said Murchison National Bank has filed its claim in the matter of W. H. Austin, in bankruptcy, on account of his liability upon said note."

The defendants say that it was the intention of the grantors to execute mortgage deeds and the said instruments are mortgage deeds. The defendants deny all the allegations of fraud made by plaintiffs, but say that the liens executed were in good faith and to secure bona fide indebtedness.

In regard to the indebtedness of $100,000 set out in paragraph 11 to the Murchison National Bank, defendants say that on this indebtedness usurious interest was collected as follows: "In the sum of $3,500, the total interest paid being $14,000, and the defendants ask that the said indebtedness be offset in the sum of the penalty provided by law upon payment of usurious interest, to wit, $28,000, the total interest paid being $14,000, and the said sum of $28,000 is hereby pleaded as offset to said note of $100,000."

Defendants pray: "That B. B. Adams, Wachovia Bank and Trust Company, administrator and trustee of estate of J. H. B. Tomlinson, deceased, W. D. Avery, J. D. Underwood, and E. F. Ward, be made parties defendant hereto, to the end that their respective liabilities in the premises may be determined in this action; and that summons be issued out of this court accordingly as provided by law; and  .  .  . That any recovery herein by Murchison National Bank upon the indebtedness described in paragraph 11 of the complaint, be credited with $28,000 penalty of usury hereinbefore pleaded, and further credited by such dividends as it may receive in the matter of W. H. Austin, in bankruptcy, on account of his obligation as principal or endorser of said note."

The above are the material facts. The court below rendered the following judgment: "This cause coming on to be heard at this term of the court, before his Honor, N. A. Sinclair, judge presiding, upon the motion filed herein by the defendants, F. K. Broadhurst and J. J. Broadhurst, to abate this action, all of said parties being before the court and represented by counsel, and all parties having waived a hearing upon said motion before the clerk, and having agreed to hear same as though upon appeal from the clerk: Upon consideration of which motion it is considered and adjudged that the motion to abate be and the same is hereby denied." The defendants duly excepted, assigned error and appealed to the Supreme Court.

*Varser, Lawrence, Proctor & McIntyre for plaintiff.*
*R. G. Grady, Bailey & Weatherspoon for defendants.*

CLARKSON, J. The question involved: Where plaintiff in a creditor's bill, in an action instituted in Johnston County, demanded judgment upon a $100,000 note and subsequently instituted an action in New Hanover County on the same note, should the second action be abated as to those who are defendants in both actions? We think so.

Plaintiff, a creditor, joined in a creditor's bill to set aside certain conveyances made by F. K. Broadhurst, by way of mortgage on lands in Johnston County on the ground that they were fraudulent and void as to creditors. The action must be tried in that county, subject to the power of the court to change the place of trial in certain cases. C. S., 463(1); *Wofford v. Hampton,* 173 N. C., 686; *Lumber Co. v. Lumber Co.,* 180 N. C., 12; and if brought in New Hanover County, it would have been subject to change of venue. C. S., 470; *Causey v. Morris,* 195 N. C., 532.

In the first action in Johnston County it will be noted that the Murchison National Bank, in the creditor's bill, sets forth the note of $100,000, and the hypothecated bonds of the Smithfield Mills, Inc., which it says it stands ready to sell and apply the net proceeds on the indebtedness. The prayer for judgment in that action is for the debt. The answer sets up certain defenses: (1) F. K. Broadhurst was an accommodation endorser along with other endorsers; (2) pleads an offset of $28,000 usurious interest and penalty, and prays that the other endorsers be made parties, and the indebtedness be credited with $28,000, and also credited with any amount received from the bankruptcy estate of W. H. Austin, the Murchison National Bank having filed this claim against the bankruptcy estate. All these matters, so far as the appealing defendants are concerned, can be tried out in the Johnston County action, under our liberal practice, as well as setting aside the conveyances for fraud. *Chemical Co. v. Floyd,* 158 N. C., 455; *Robinson v. Williams,* 189 N. C., 256; *Carswell v. Talley,* 192 N. C., 37.

This action in Johnston County was pending when the action in New Hanover County was instituted. Full and adequate relief against the appealing defendants is obtainable in the Johnston County action.

"*Tests of Identity in General.* Four leading tests have judicial sanction in determining whether or not the causes of action are the same for the purpose of abatement by reason of the pendency of a prior action: (1) 'Clearly, in order to hold the subsequent suit to be necessary, it is an essential prerequisite that the judgment in the former or prior action should be conclusive between the parties and operate as a bar to the second.' (*Williams v. Gaston,* 148 Ala., 214, 216, 42 S., 552.) In other words, if a final judgment in the former suit would support a plea of *res adjudicata* in the subsequent suit, the suits are identical for this purpose; otherwise they are not. (2) Many cases apply the following

test: Was full and adequate relief obtainable in the prior action? If so, the second action was improperly brought and is abatable; if not, the objection will be overruled. This, as we shall see, is a generally recognized rule. (3) A test having the support of some of the cases is this: Will the same evidence support both actions? (4) A fourth test supported by English and Canadian authorities is: Could the bill in the second suit have been procured by a fair amendment of the first?" 1 C. J., p. 66, par. 83.

Under the pleadings in the Johnston County action, by the submission of the issues arising on the pleadings, plaintiff could obtain full and adequate relief against the appealing defendants. The prayer in both actions, in the Superior Court of New Hanover County and Johnston County, is for judgment on the $100,000 note and interest, and in both pleadings the hypothecated collateral is set forth. In either case this collateral could be sold and applied on any judgment obtained. Plaintiff elected with others to file a creditors' bill in Johnston County Superior Court to set aside certain conveyances, alleged to have been made in fraud of creditors, and prays for judgment on its debt. Plaintiff did this voluntarily—it chose the forum, the jurisdiction. To be sure, such an action must be tried in the county where the land was situate, but it had the election to go in or not go in the particular action. It chose to go in Johnston County Superior Court. Multiplicity of actions against the same parties are not encouraged. *Emry v. Chappell,* 148 N. C., 327; *Construction Co. v. Ice Co.,* 190 N. C., 580; *Chappell v. National Hardwood Co.,* 234 Mich., 296, 44 A. L. R., 804; *Van Vleck v. Anderson,* 136 Iowa, 366; *Haas v. Righeimer,* 220 Ill., 193.

"In *Alexander v. Norwood,* 118 N. C., 382, the court said: 'The purpose of the Code system is to avoid a multiplicity of actions by requiring litigating parties to try and dispose of all questions between them on the same subject-matter in one action. Where an action is instituted and it appears to the court by *plea,* answer, or demurrer that there is another action pending between the same parties, and substantially on the same subject-matter, and that all the material questions and rights can be determined therein, such action will be dismissed.' In that case the Court said that 'the plaintiff (in the second action) has no election to litigate in the one or bring another action, but must set up his defense in the first action, *Rogers v. Holt,* 62 N. C., 108, and the Court will *ex mero motu* dismiss the second action as the parties, even by consent, cannot give the court jurisdiction.' *Long v. Jarratt,* 94 N. C., 443." *Allen v. Salley,* 179 N. C., at pp. 150-1; *Distributing Co. v. Carraway,* 196 N. C., 58. "A demurrer would lie if the pendency of the former

action appeared on the face of the complaint." *Allen v. Salley, supra,* at p. 148; *Lineberger v. Gastonia,* 196 N. C., at p. 449. Grounds not appearing on the face of complaint, the objection may be taken by answer. C. S., 517. For the reasons given, the judgment below is
Reversed.

ADAMS, J., dissents.