J. F. BROWN ET AL., v. W. T. POLK ET AL.

(Filed 30 September, 1931.)

**Abatement and Revival B b—Held: the two actions in question were not the same and plea in abatement in the second action was bad.**

Where notes secured by a deed of trust are given as collateral security for another note, and the payee of the note secured by the collateral notes institutes action thereon against the maker and at the same time has the trustee in the deed of trust advertise the land securing the collateral notes, *Held:* an action instituted in another county, by the maker of the collateral notes and others, to restrain the sale of the land and to have the deed of trust canceled upon allegations of payment of the collateral notes is not the same as the action brought solely on the note secured by the collateral notes, and the defendant's plea in abatement in the second action is bad, since a final judgment in the first action would not support a plea of *res judicata* in the second.

APPEAL by defendant, The Cooper Company, from *Cranmer, J.,* at May Term, 1931, of WARREN.

Civil action to restrain the foreclosure of deed of trust and to have the same canceled of record.

On 26 February, 1930, The Cooper Company, Inc., instituted an action in Vance County against J. F. Brown to recover on a promissory note of $2,295.87, subject to a credit payment of $427.21. The plaintiff asked for judgment on the note, and no more.

It seems that The Cooper Company holds as collateral security to its note, three notes of $551.17 each, given by J. F. Brown to M. P. Burwell, R. B. Boyd and W. B. Boyd for the purchase price of land situate in Warren County and secured by deed of trust thereon. No mention is made of this collateral in the suit instituted in Vance County. But at the same time of the institution of its suit in Vance County, The Cooper Company caused the administrators of the deceased trustee to advertise under the power of sale in order to realize on its collateral as aforesaid.

Plaintiffs bring this action in Warren County, the county of their residence, to enjoin the foreclosure of said deed of trust, alleging payment of the notes, and demanding that the deed of trust be surrendered up and canceled of record. Summons was issued herein 10 March, 1930.

Plea in abatement is filed by The Cooper Company on the ground that the same subject-matter is involved in its action instituted in Vance County 26 February, 1930.

From the overruling of its plea in abatement, The Cooper Company appeals, assigning errors.

*Yarborough & Yarborough* for plaintiffs.

*T. P. Gholson, A. W. Gholson, Jr., Julius Banzet and R. S. McCoin* for defendant, *Cooper Company.*

STACY, C. J., after stating the case: The plea in abatement was properly overruled. *Hawkins v. Hughes,* 87 N. C., 115. The causes of action are different in the two suits. A final judgment in the action brought in Vance County would not support a plea of *res judicata* in the subsequent proceeding instituted in Warren County. This is one of the tests of identity. *Bank v. Broadhurst,* 197 N. C., 365, 148 S. E., 452. In short, the two suits are unlike: the causes of action are not the same; and the results sought are dissimilar. 1 C. J., 56. This renders the plea in abatement bad.

Nothing was said in *Construction Co. v. Ice Co.,* 190 N. C., 580, 130 S. E., 165, or *Allen v. Salley,* 179 N. C., 147, 101 S. E., 545, which militates against our present position.

Affirmed.