EASTERN COTTON OIL COMPANY v. NEW BERN OIL AND FERTILIZER COMPANY, JOHN S. WESKITT, W. J. SWAN AND H. G. SWAN.

(Filed 15 March, 1933.)

1. **Abatement and Revival B b—Subject-matter of actions held not the same and plea in abatement to second action was bad.**

An action on an alleged contract will not support a plea in abatement in an action brought by the defendant in the first action against the plaintiff therein to recover damages for matters which were not set up by him as a counterclaim in the first action, since final judgment in the first pending action would not support a plea of *res judicata* in the second action.

2. **Venue A c—**

Where a corporation institutes an action for damages in the county in which it maintains its principal place of business the denial of defendant's motion for removal to the county of its residence is properly denied. C. S., 469.

APPEAL by defendants from *Parker, J.,* at December Term, 1932, of PERQUIMANS. Affirmed.

This action was heard on defendants' plea in abatement and motion for removal to the Superior Court of Craven County, for trial, on the ground that at the date of its commencement in the Superior Court of Perquimans County there was pending in the Superior Court of Craven County an action between the parties to this action, in which the cause of action alleged in the complaint is founded on the same transactions as those on which the cause of action alleged in the complaint in this action is founded. From judgment overruling their plea in abatement and denying their motion for removal, the defendants appealed to the Supreme Court.

*Tazewell Taylor and McMullan & McMullan for plaintiff.*
*L. I. Moore for defendants.*

CONNOR, J. The defendants' plea in abatement was properly overruled. The action pending in the Superior Court of Craven County at the date of the commencement of this action in the Superior Court of Perquimans County was instituted by the defendants in this action, as plaintiffs in that action, to recover of the plaintiff, as defendant in that action, damages for a breach of the contract alleged in the complaint in that action. The plaintiff as defendant in that action, in its answer denied the contract as alleged in the complaint; it did not plead the matters and things alleged in the complaint in this action as a counterclaim in that action. A final judgment in the action pending in the

Superior Court of Craven County would not support a plea of *res judicata* in this action. This is one of the tests applied to determine the identity of the causes of action where the defendant in an action pleads the pendency of another action in abatement of the action subsequently begun. *Brown v. Polk,* 201 N. C., 375, 160 S. E., 357; *Bank v. Broadhurst,* 197 N. C., 365, 148 S. E., 452. Although the parties in the two actions are identical, the causes of action are not the same, nor are they founded on the same transactions. This renders the plea in abatement bad. *Brown v. Polk, supra.*

The motion of the defendants for the removal of the action from the Superior Court of Perquimans County to the Superior Court of Craven County, for trial, was properly denied. The plaintiff is a corporation organized under the laws of this State, with its principal place of business in Perquimans County. The action was properly begun in the Superior Court of Perquimans County, C. S., 469, and there was no error in the denial of defendants' motion for its removal to the Superior Court of Craven County for trial. The judgment is

Affirmed.

---

EASTERN COTTON OIL COMPANY v. NEW BERN OIL AND FERTILIZER COMPANY, JOHN S. WESKITT, W. J. SWAN AND H. G. SWAN.

(Filed 15 March, 1933.)

(For digest see *Oil Co. v. Fertilizer Co., ante,* 362.)

APPEAL by defendants from *Parker, J.,* at December Term, 1932, of PERQUIMANS. Affirmed.

From judgment overruling their plea in abatement, and denying their motion for the removal of the action to the Superior Court of Craven County, for trial, the defendants appealed to the Supreme Court.

*Tazewell Taylor and McMullan & McMullan for plaintiff.*
*L. I. Moore for defendants.*