The plaintiff alleged that he was "the owner of certain operating rights by virtue of which he was permitted to do a transportation business by operating a fleet of trucks in Interstate Commerce"; that on or about 27 August, 1941, the plaintiff, L. E. Taylor, and the defendant, C. S. Schaub, entered into a contract the result of which was that an application was made to the Interstate Commerce Commission for approval of the transfer of the operating authority referred to from L. E. Taylor to C. S. Schaub, which application was approved by said Commission on 13 September, 1941, and upon such approval $3,450.00 became due under said contract to the plaintiff by the defendant Schaub, as well as the obligation by said defendant to furnish the plaintiff leases for the operation by the plaintiff of his trucks in interstate commerce as lessee of said defendant; that said defendant has never paid to the plaintiff the amount he was obligated to pay nor performed the other obligations placed upon him by said contract; but that said defendant did on 13 April, 1943, lease and transfer said operating rights to Apex Transportation, Inc., and did give to said corporation at the same time an option to purchase said operating authority, and thereby failed to preserve to the plaintiff the right to operate his trucks, as lessee, under said contract, and said defendant failed to perform any of the obligations to the plaintiff placed upon him by said contract; and that if the option to purchase be exercised by the Apex Transportation, Inc., the plaintiff would be permanently deprived of all his rights under said contract between him and the defendant Schaub; that the plaintiff did not know of the purported transfer and lease from said defendant to the Apex Transportation, Inc., until several weeks after they had been bargained for, and, upon learning thereof, the plaintiff immediately notified said Apex Transportation, Inc., not to pay to the defendant Schaub any future rents under its lease; that plaintiff is advised and informed, and so alleges, that under stipulation between the parties, rentals have been put in escrow with the American Trust Company and that it now holds *Page 136 
several thousand dollars subject to the check of the Apex Transportation, Inc., and of C. S. Schaub, if and when it is finally decided that said Schaub is entitled to the rental proceeds; that while these funds were being accumulated the plaintiff requested the Interstate Commerce Commission to reopen the case wherein the transfer of the operating authority from the plaintiff Taylor to the defendant Schaub was approved, but said commission refused to so reopen said case; that the plaintiff is advised and believes, and therefore avers that he, the plaintiff, is entitled to have said operating rights transferred back to him by the defendant Schaub because of Schaub's total failure to comply with his contract with respect to the purchase thereof, and because of his failure to grant to the plaintiff leases for the operation of his trucks, as agreed to as a part of his contract with the plaintiff, and if the defendant Schaub is permitted to carry out his lease and sells under the option given by him to the Apex Transportation, Inc., to purchase said operating rights the plaintiff will be permanently deprived of his property rights in the aforesaid operating authority and thereby greatly damaged, as well also by being deprived of the said lease privileges contracted to be furnished him by such defendant; that the American Trust Company may be authorized to pay the funds now in its custody to the defendant Schaub and Apex Transportation, Inc., may exercise their option to purchase the operating rights and pay over the purchase price to defendant Schaub unless restrained from doing so by the court pending the determination of the rights of the parties; that unless the defendant Schaub complies with his contract of purchase from the plaintiff Taylor of the operating rights said contract should be annulled and the operating rights referred to should be restored to the plaintiff Taylor, and the defendant Schaub should have no rights by virtue of said contract; and the rental funds now being held by American Trust Company should be paid over to the plaintiff Taylor and not to defendant Schaub, as the plaintiff is the owner of and entitled to the restoration of the aforesaid operating rights, because of the breach of the contract by the defendant Schaub, and if said rights should not be restored by the court to him, the plaintiff is entitled to recover of the defendant Schaub, because of his breach of contract, the sum of $40,000.00; "12. That the conduct of the said C. S. Schaub hereinbefore related in taking over these rights, without paying the purchase price at the time of the approval of the transfer by the Interstate Commerce Commission, as per agreement, and by his failure to notify this plaintiff of the proposed lease and option agreement with Apex Transportation, Inc., and by the execution of said lease and option agreement, without reserving and providing for lease privileges for this plaintiff for the operation of his trucks and by otherwise failing in all respects to comply with his contract with this plaintiff, constitutes *Page 137 
a wanton and malicious attempt to defraud this plaintiff and deprive him of valuable property rights without consideration.
"13. That if the said C. S. Schaub is permitted to transfer to Apex Transportation, Inc., the operating rights referred to, and if said Apex Transportation, Inc., is permitted to pay over to him the purchase price and the rentals which have accumulated, it will cause this plaintiff irreparable damages.
"Wherefore, the plaintiff prays the Court:
"1. That this complaint be taken as an affidavit for the purpose of the restraining order prayed for.
"2. For an order restraining American Trust Company and/or Apex Transportation, Inc., from paying over to the defendant, C. S. Schaub, any of the funds which have been accumulated as rentals for the operating rights herein before referred to, and from paying to said defendant any sum or sums whatsoever as a consideration in exercising the rights of Apex Transportation, Inc., to purchase said operating rights under the option agreement hereinbefore referred to; and restraining said American Trust Company from honoring any check or checks against said account by C. S. Schaub and Apex Transportation, Inc., until the rights of the parties herein are determined, and also from honoring any check that may be given to C. S. Schaub by Apex Transportation, Inc., representing the purchase price or a part of the purchase price for said operating rights by virtue of the option agreement referred to herein.
"3. For an order restraining C. S. Schaub from collecting any of the rents now being held in escrow by American Trust Company, and from collecting any sum from Apex Transportation, Inc., on the purchase price of the operating rights hereinbefore referred to and from depositing or cashing or otherwise using any check or checks that may have been given or may be given by Apex Transportation, Inc., representing any of the rents above referred to or representing any part of the purchase price on the operating rights which were leased to Apex Transportation, Inc., by the said C. S. Schaub, with option to buy.
"4. For a judgment restoring said operating rights to this plaintiff and requiring Apex Transportation, Inc., and American Trust Company to pay over and deliver to this plaintiff all rents that have accumulated and that may hereafter accumulate, and if the Court shall be of the opinion that the plaintiff is not entitled to have said operating rights restored, then and in such event, for a judgment against C. S. Schaub for $40,000.00 actual damages and $10,000 punitive damages, and for such other and further relief as to the Court may seem just and proper."
The cause came on to be heard by the judge holding the courts of the Sixth Judicial District, on application for a restraining order by the plaintiff, using the complaint as an affidavit for this purpose, and the *Page 138 
said judge considered, ordered, adjudged and decreed that the Apex Transportation, Inc., and the American Trust Company, be restrained from paying to the defendant Schaub any funds accumulated for rentals for the operating rights referred to in the complaint, under lease to Apex Transportation, Inc., by C. S. Schaub, and from paying to defendant Schaub any sum whatsoever as purchase price of said operating rights which resulted from the exercising of the option to purchase which said Schaub gave to said Apex Transportation, Inc., and restraining American Trust Company from honoring any checks against the account of said Schaub and Apex Transportation, Inc., for any of the funds referred to in the complaint, and also restraining said trust company from honoring any check given by Apex Transportation, Inc., to C. S. Schaub representing the purchase price of said operating rights by virtue of the agreement between the transportation and Schaub; and restraining the defendant C. S. Schaub from collecting the funds held by the American Trust Company and arising from rentals of said operating rights, and from collecting any sum from the Apex Transportation, Inc., on the purchase price of said operating rights; and directing the defendants named to show cause why said restraining order should not be continued till the final hearing.
In response to the notice to show cause why the restraining order should not be continued to the final hearing, the defendant Schaub filed answer "That there is another action pending in the Superior Court of Wake County, N.C. between the same parties for the same cause of action, as will fully appear from certified copies of the summons and pleadings in the suit of C. S. Schaub, trading and doing business as Apex Motor Lines, v. L. E. Taylor, trading and doing business as L. E. Taylor Son, attached hereto as Exhibit `A,' and made a part of this answer"; that the plaintiff seeks no relief in this action which cannot be obtained in said action pending in Wake County; that the plaintiff is estopped from maintaining this action by admission in his answer and allegation in his further answer and defense in said action pending in Wake County; that the plaintiff Taylor is bound by his undertaking in an application to Interstate Commerce Commission to have a suit remain in status quo, said undertaking being to the effect that he, Taylor, stands ready and willing to have an accounting with C. S. Schaub as prayed for by Schaub in his complaint in the action pending in Wake County; that application of the plaintiff to the Interstate Commerce Commission was denied and the plaintiff is now able and bound by his undertaking to have an accounting between him and defendant Schaub taken in the action pending in Wake County in which action not only all the plaintiff's rights referred to in the answer in that action, but also all such rights referred to in the complaint in this action, may be adjudicated; *Page 139 
and plaintiff may not now avoid the effect of his undertaking in the action pending in Wake County by the prosecution of this subsequent action in Duplin County.
The complaint and answer in the action in Wake County which the defendant Schaub set up as a bar to this action are to the effect that the plaintiff therein, C. S. Schaub, as purchaser, and the defendant therein, L. E. Taylor, as seller, entered into a sales agreement for the purchase and sale of certain operating rights, and made application to the Interstate Commerce Commission, under the Motor Carrier Act, 1935, for the substitution of the plaintiff as purchaser in lieu of the defendant as applicant, and for the transfer of the application for a certificate of public convenience and necessity from the defendant to the plaintiff, that the application was approved by the Commission and thereupon, under the contract between them, the transfer became consummated and the plaintiff became indebted to the defendant for the purchase price thereof, to wit: $3,500.00, less $50.00 payment theretofore made thereon; that thereupon the plaintiff undertook to make a settlement with the defendant and to lease the trucks belonging to the defendant for the operation thereof by the defendant as operating agents, as provided in the contract of purchase between the said Taylor and Schaub; that the defendant neglected and failed to co-operate with the plaintiff in carrying out said contract, and continued to operate his trucks in violation of said contract; that this misconduct on the part of the defendant was a breach of said contract and prejudicial to the certificate then pending before the Interstate Commerce Commission; that for more than seven months after plaintiff had endeavored to carry out the contract with defendant, the defendant continued to operate his trucks in his own name in violation of said contract; and the defendant continued to operate his said trucks in violation of his contract and in violation of the rules of interstate commerce notwithstanding the efforts and willingness of the plaintiff to comply with said contract, and "consequently no settlement has ever been had between the plaintiff and the defendant"; that by reason of certain payments made by the plaintiff for the benefit of the defendant "the entire purchase price of said operating rights has become extinguished, and the defendant has become indebted to the plaintiff over and above said contract purchase price in the sum of at least $525.15"; that due to the defendant Taylor's continued failure to comply with said contract with the plaintiff Schaub, and failure to conform to the rules of the Interstate Commerce Commission, and with the law, it was in March, 1943, mutually agreed by the plaintiff and defendant that the lessee operation by the defendant should be discontinued; and that since no settlement has ever been made between plaintiff and defendant, the plaintiff is entitled to an accounting in order "to *Page 140 
determine the amount of money due the plaintiff by the defendant"; that the plaintiff on 13 April, 1943, by and with approval of the Interstate Commerce Commission, leased and transferred the operating rights to the Apex Transportation, Inc., and since said transfer said corporation has been sole operator thereof and in sole control thereof; "Wherefore, plaintiff prays that he have an accounting by and between him and the defendant in order to ascertain the amount due plaintiff by the defendant, and in order that there may be a full and complete settlement by and between the plaintiff and the defendant in all matters growing out of said purchase and sale agreement, and of the said lessee operation as herein set forth; and that plaintiff have and recover judgment against the defendant for the sum of at least $525.15, that the plaintiff have and recover of the defendant all costs hereof and such other and further relief as the Court may consider just and proper."
The defendant Taylor in answer to the complaint of plaintiff Schaub admitted that he and Schaub made application to Interstate Commerce Commission for substitution of plaintiff Schaub for defendant Taylor in certificate of public convenience and necessity, but avers that the plaintiff has violated the contract of transfer between defendant and plaintiff by not paying the purchase price agreed upon and for that reason the plaintiff is not the owner of or entitled to the possession of the said operating authority; the allegation that defendant Taylor refused to make a settlement with plaintiff Schaub is denied, and it is averred that the defendant Taylor stood ready at all times to comply with the terms and conditions of the contract just as soon as the plaintiff made settlement thereunder as he was due to do; that if the plaintiff Schaub had paid the defendant Taylor the amount due, there would have been no delay by this defendant in doing the things contracted for, and any delay or failure on the part of the defendant to carry out the terms of said contract was due to the failure on the part of the plaintiff to pay to the defendant the money due him under said contract; that it is denied that the defendant owed the plaintiff anything for payments made by the plaintiff on behalf of the defendant, it is admitted, however, that the plaintiff paid the defendant $350.00 on the purchase price of $3,500.00 named in the contract for the operating rights; it is specifically denied not only that any settlement has been made between the parties to the contract, but also that any request has been made therefor by the plaintiff; that on 13 April, 1943, the plaintiff attempted to lease and transfer said operating rights to Apex Transportation, Inc., in complete disregard of the rights of the defendant under the contract between plaintiff Schaub and the defendant; and as a further defense the defendant Taylor, on 27 August, 1941, entered into a contract with plaintiff Schaub for the sale of said operating rights and entered into an *Page 141 
application to the Interstate Commerce Commission for approval of a transfer of the operating authority from defendant Taylor to the plaintiff Schaub, which application was approved 13 September, 1941, at which time the plaintiff Schaub, under his contract with defendant Taylor, became indebted to the defendant Taylor for the balance of the purchase price for said operating authority, namely, $3,450.00; as well as otherwise obligated to make certain leases to the defendant Taylor for the operation of his trucks, in Interstate Commerce, as lessee; that the plaintiff Schaub has never paid the defendant Taylor the amount contracted for and has attempted to transfer the said operating authority to the Apex Transportation, Inc., without preserving for the defendant the permanent leases and operating rights and other services which he had agreed to do in his said contract with the defendant; that the defendant did not know of the attempted transfer by the plaintiff Schaub to the Apex Transportation, Inc., until several weeks thereafter, which constituted a fraud upon the defendant, and the defendant, since the discovery of said fraud, filed petition with the Interstate Commerce Commission for reconsideration of the approval for the substitution or transfer of the certificate, asking that said transfer be declared null and void and that the order approving the application for substitution of plaintiff, as owner, be reopened; that the defendant Taylor "is ready and willing to have an accounting with the plaintiff as soon as the application filed with the Interstate Commerce Commission has been passed on and no intelligent nor proper accounting between the plaintiff and defendant can be had until after it is determined by the Interstate Commerce Commission whether or not the transfer to the plaintiff of the operating rights referred to in the complaint shall be declared null and void"; and it is specifically "alleged that a proper accounting cannot be had until after said application has been disposed of"; "Wherefore, this defendant prays that this case remain in status quo until after the Interstate Commerce Commission has passed on the rights of the plaintiff and this defendant with respect to the operating authority referred to in the complaint, and if and when that has been done, this defendant stands ready and willing to have a proper accounting to determine the rights of the parties herein with respect to the things referred to in the complaint and in this answer."
The plaintiff Schaub in a reply filed to the answer filed by the defendant Taylor, admits that on 27 August, 1941, plaintiff and defendant entered into the contract as alleged, and that operating authority referred to therein was on 13 September, 1941, assigned and transferred to plaintiff Schaub from defendant Taylor, whereupon said plaintiff became indebted to said defendant in the sum of $3,450.00, the balance due on purchase price, which amount plaintiff alleges was duly paid by *Page 142 
the payment of $350.00 in cash, "and by way of rentals accruing and becoming due plaintiff by defendant on trucks leased by plaintiff from defendant" and in fact plaintiff has overpaid defendant to the extent of $525.15; admits that on 13 April, 1943, plaintiff assigned and transferred said operating authority to the Apex Transportation, Inc., under operating lease agreement approved by Interstate Commerce Commission, as he, as owner thereof, had a right to do; denies that any fraud was perpetrated upon the defendant Taylor or that he was thereby wrongfully deprived of any right, since he had previously sold and assigned any and all rights which he had therein to the plaintiff; that the defendant Taylor had no enforceable rights under said contract, except to collect the purchase price of said operating authority, and that any agreement in said contract relative to the leasing of trucks was incapable of definite interpretation and was terminable at will; denies that "a proper accounting cannot be had between plaintiff and defendant, or that an adjudication herein of their contract rights cannot be had until after said matter is considered by the Interstate Commerce Commission for that said Interstate Commerce Commission has no jurisdiction to adjudicate the contract rights arising between the plaintiff and the defendant, or of the rights to an accounting between them under said contract; but on the contrary this Court has complete jurisdiction thereof," whereupon the plaintiff renews the prayers contained in the complaint.
On 19 December, 1944, at Sanford, his Honor, Williams, judge holding the courts of the 6th Judicial District, after hearing the contentions of the parties, denied the plea in abatement filed by defendant Schaub and overruled the defendant's motion to dismiss the action, and continued the restraining order till the final hearing. Pending the final hearing, however, the Apex Transportation, Inc., is authorized to pay to the American Trust Company, as stakeholder, such payments and rents as are or may become due, subject to the final determination of the rights of the parties to this action, to be paid out on the further orders of this Court; all conditioned upon the plaintiff Schaub increasing the undertaking heretofore given by him.
To the refusal of the court to grant his motion that the action abate and that the restraining order be dissolved, and to the refusal of the court to grant his motion that the action abate as to him, defendant Schaub, and the restraining order as to him, defendant Schaub, be dissolved, the defendant Schaub preserved exception, and appealed to the Supreme Court.
The Apex Transportation, Inc., filed answer to the effect that it, said transportation, on or about 13 April, 1943, purchased the operating rights referred to in the complaint from the defendant Schaub, who *Page 143 
was clothed with all indicia of ownership, and without any knowledge of the claim of the plaintiff Taylor to such ownership, and that it was an innocent purchaser for value of said operating authority; and that the plaintiff Taylor, having clothed the defendant Schaub with all indicia of ownership of such operating authority, is now estopped to deny the title of the Apex Transportation, Inc., and pleads such estoppel in bar of the plaintiff Taylor's right to recover said operating authority; and prays that it be adjudged the owner of said operating rights subject to the payments of the balance of the purchase price, and that it be directed as to whom such balance should be made. No appeal was taken by the Apex Transportation, Inc. AT R. D. Johnson and Langston, Allen Taylor forplaintiff Taylor, appellee.
R. Roy Carter and Murray Allen for defendant C. S. Schaub, appellant.
The denial of his Honor of the defendant Schaub's motion to abate the plaintiff Taylor's action and to dissolve the restraining order theretofore issued and the making by the defendant Schaub, the appellant, of such ruling on the part of the court the bases of exceptive assignments of error raise the determinative question posed on this appeal, namely: Was there another action pending in the Superior Court of Wake County between the same parties and involving the same causes of action as are involved in the instant case pending in the Superior Court of Duplin County? If the answer is in the negative his Honor's ruling was correct; if, on the other hand, the answer is in the affirmative his Honor's ruling was in error.
In the instant case, pending in the Superior Court of Duplin County, the plaintiff Taylor seeks to have the defendant American Trust Company and/or Apex Transportation, Inc., restrained from turning over to defendant Schaub any funds in payment of the operating rights which Schaub is alleged to have contracted to lease, with option to purchase, to Apex Transportation, Inc., and to restrain Schaub from collecting any of the funds held in escrow by the American Trust Company or any funds from the Apex Transportation, Inc., on the purchase price of said operating rights; and seeks further to have judgment restoring to the plaintiff Taylor said operating rights and to recover all rents that accumulate on said operating rights, or in the event the plaintiff cannot recover said operating rights that plaintiff recover $40,000.00 damages of the defendant Schaub.
The instant case pending in Duplin County is to restrain some of the defendants from paying over certain funds arising from rental and sale *Page 144 
of the operating rights, and to restrain the defendant Schaub from collecting any such funds; the object of such restraining order being to prevent the consummation of the contract of purchase and sale of the operating rights alleged to have been wrongfully entered into by defendant Schaub with the defendant Apex Transportation, Inc., in derogation of the rights of the plaintiff Taylor. In other words, the principal purpose of the instant case in Duplin County is to restrain any action which would render the plaintiff Taylor's suit to recover back the operating rights ineffective. Whereas in the former case pending in Wake County, the defendant therein, being the same person as the plaintiff in the instant case, the principal purpose of the defendant Taylor, as evidence by his admissions in his answer and averments in his further defense, was to obtain an accounting between him, Taylor, and the plaintiff Schaub of the matters and things growing out of the contract between them of purchase and sale of the operating rights.
The relief sought by Taylor in the former case being for an accounting between defendant Taylor and plaintiff Schaub and in the instant case being for a restraining order against defendant Schaub and others in favor of plaintiff Taylor, any judgment rendered in the former case would not afford the relief sought in the latter case; nor would a judgment in the former case be res judicata in the latter case.
It would therefore seem that a negative answer to the question posed is indicated and that his Honor was correct in disallowing the motion of the defendant Schaub to abate the latter action. "In accordance with the rule that the relief sought in both actions must be the same in all material respects, a test frequently applied in determining the identity of the causes of action, and which is applicable in equity, as well as law, is, whether the relief sought in the second action, to which abatement is pleaded, is fully covered by, and obtainable under, the relief asked in the prior action, which is pleaded in abatement, that is, is a judgment based on the cause of action alleged in the second action legally possible in the first action, which was brought for the purpose of obtaining such judgment. Under this test a second action should be abated, if the party who institutes it is able to obtain in the prior pending action all the relief which he asks in the second, or to which he is entitled; or, as otherwise expressed, a second action should be abated where every material right or question asserted therein could be adjudicated in the prior pending action, or where the whole purpose of the second action is attainable in the first, or where the prior action is effectual and the party can obtain his remedy therein as completely as in the second action." 1 C. J. S., Abatement and Revival, par. 43; 1 Am. Jur., Abatement and Revival, pars. 28 et seq. *Page 145 
"Where a judgment in a pending action would not support a plea of resjudicata in a second action, and the two actions are not the same and the results sought are dissimilar, a plea in abatement in the second action on the ground that another action between the parties was then pending is properly overruled." Syllabus of Comr. of Banks v. Gavin,202 N.C. 843, 163 S.E. 682.
"The plea in abatement was properly overruled. Hawkins v. Hughes,87 N.C. 115. The causes of action are different in the two suits. A final judgment in the action brought in Vance County would not support a plea ofres judicata in the subsequent proceeding instituted in Warren County. This is one of the tests of identity. Bank v. Broadhurst, 197 N.C. 365,148 S.E. 452. In short, the two suits are unlike: the causes of action are not the same; and the results sought are dissimilar. 1 C. J., 56. This renders the plea in abatement bad." Brown v. Polk,201 N.C. 375, 160 S.E. 357.
The plaintiff in the instant case, Taylor, is not estopped to maintain the action in Duplin County, for the reason that no counterclaim was pleaded in the former action in Wake County by the defendant Schaub, and this action in Duplin County is against the defendant Schaub for transferring the operating rights of the plaintiff Taylor, without his knowledge and consent, and in fraud of his rights to operate his trucks, as he had theretofore done, and for return of said rights, or in the event he could not recover said rights, for damages for the loss thereof; and against the Apex Transportation, Inc., to whom such rights had been transferred for any amount due for the purchase of said rights and any rentals accruing thereon; and against the American Trust Company to follow the funds so accruing; the last two defendants were not made parties to the first action, which was brought for an accounting, and no judgment in that action would be binding upon them.
The present status is the action in Wake County of Schaub v. Taylor for an accounting, and the action in Duplin County of Taylor against Schaub and two other defendants, to which the defendant Schaub has filed plea in abatement and motion to dismiss, and his codefendant, Apex Transportation, Inc., has filed answer to the merits. Under these circumstances his Honor committed no error in denying the plea in abatement and overruling the motion to dismiss for the reason that another case was pending between the same parties for the same cause of action and his order should be affirmed, and it is so ordered.
Affirmed. *Page 146