Battle, J.
 

 It is a well settled principle of equity pleading, that a decree substantially between the same parties and for the same subject matter, which is in its nature final,
 
 *110
 
 or may be afterwards made so by order of the court, is a bar to a new suit for the same cause. Story’s Eq. PL, sec. 791; Mit. Eq. PL, by Jeremy, p. 237.
 

 It is usual to
 
 plead
 
 a decree in a former suit in bar to a second suit for the same thing, but when the second bill itself sets forth the substance of the pleadings in the former suit and the decree given in it, and alleges facts which, if established, would entitle the complainant to the same measure of relief as that to which the facts set forth in the former bill entitled him, the defendant may, for that cause,
 
 demur
 
 to the second bill.
 
 Jenkins
 
 v. Johnston, 4 Jon. Eq., 149;
 
 Davis
 
 v.
 
 Hall, ibid,
 
 403.
 

 In the case atibar the bill professes to state the substance of the proceedings in the former suit, and the decree made therein, and as the defendant has demurred to the bill, the question is raised whether the complainants have stated in it facts which, if admitted or established by proof’ would entitle them to the same relief, and no other, as they might have obtained under the former decree. That the complainants might, in their former suit, which is now pending in the Court of Equity for the county of Alamance, have the full measure of relief which they now seek, is clearly established by the cases of
 
 Singeltary
 
 v. Whitaker, and
 
 cotten, ex
 
 parte, ante pp. 77 and 79. These cases assert the power of the Court of Equity, upon petition for the sale of land for the benefit of infants, to compel the purchaser, by orders
 
 made in the cause,
 
 to perform specifically his contract of purchase, and that in doing this they may compel him to pay the purchase money by a decree
 
 in personam,
 
 or give a judgment or decree for it, on motion, after ten day’s notice; and, furthermore, that it may call in, and order to be can-celled, a deed for the land, improperly obtained before the payment of the purchase money. With such plenary power over the subject, we cannot doubt that the Court of Equity for Alamance can, by proper orders to be made in the suit
 
 *111
 
 by petition, now pending there, compel the purchaser of the land therein ordered to be sold, to pay the lull amount of his bids, or such other sum as the court, under the circumstances, may deem right and proper. If this be so, the present bill is unnecessary, was improperly filed, and being objected to by demurrer, must be dismissed.
 

 We have examined all the cases referred to by the counsel for the complainants, as supporting their present suit. In none of them do we find any thing to impugn the conclusion at which we have arrived. In
 
 Whitted
 
 v.
 
 Webb,
 
 2 Dev. & Bat. Eq., 442, it is stated expressly that the defendant waived any advantage, if any he had, under the former decree, and upon that waiver an order for another account was made.
 
 Patton
 
 v. Thompson, 2 Jon. Eq., 285, was a case of a bill to impeach a sale made under a former decree, for alleged fraud; and no objection was raised to the courts’ proceeding in the second suit, either by plea, demurrer or otherwise.
 
 Trice
 
 v. Pratt, 1 Dev. & Bat. Eq., 626;
 
 Green
 
 v.
 
 Crockett,
 
 2 Dev. & Bat. Eq., 390, and
 
 Shoffner
 
 v.
 
 Fogleman,
 
 Win. Eq., 12, were all bills filed for the purpose of adjusting equities between the purchasers under the judicial sale in the former suit, or between such purchasers and their sureties; and in not one of them, except that of
 
 Trice
 
 v.
 
 Pratt,
 
 was there any objection to the second suit. The object of the bill, in
 
 Trice
 
 v.
 
 Pratt,
 
 was to obtain a specific performance of a parol contract made between the purchasers of the land sold under an order of the Court of Equity, in a petition by the heirs of the former owner. No legal title had been obtained by either of the purchasers under the decree of the court, and hence it was necessary to make the Clerk and Master a party, for the purpose of obtaining such title from him. It does not appear from the published report of the case that the heirs of the former owner were made parties at all, and as we cannot see that there was any necessity that they should be parties, we take it for granted
 
 *112
 
 that they were not. Under these circumstances it was objected by the defendant Pratt, one .of the purchasers, and the one who had bid off the land and claimed to be the sole purchaser, that the complainant, if entitled to any relief, might have obtained it by motion or petition to the court in the former suit. This court declined deciding whether the complainant might have had a summary remedy by a proceeding in the former suit, but took jurisdiction of the case upon the original bill, and upon the proofs granted the relief sought.
 

 It is manifest that the second suit was neither between the same parties, nor for the same subject as the former,' and it is not therefore any authority for the government of the present case, in which both parties and subject matter are substantially the same, or may be made so by orders in the former cause. The bill must be dismissed with costs.
 

 Per Curiam.
 

 Bill dismissed.