B. S. MODE v. ROBERT PENLAND.

*Partnership—Negligence—Torts—Variance.*

1. Partners are individually responsible for the negligence of the servants and agents of the partnership, and when one of the partners does an act in the course of the partnership business, he is considered in this respect, as the agent of the partnership, and the other partners are liable, even if they did not assent to the act.

2. All torts are joint and several, and where one partner commits a tort in the prosecution of the partnership business, the injured party may, at his election, sue all the partners, or any one or more of them.

3. Evidence should never be rejected on the ground of variance, unless it has misled the adverse party in making his defence. So, where the complaint alleged that the plaintiff had been injured by the negligence of the defendant's agent, and the evidence was that it was by the negligence of his partner, the variance was immaterial.

This was a CIVIL ACTION, tried before *Avery, Judge,* and a jury, at Fall Term, 1885, of McDOWELL Superior Court.

The substance of the complaint is, that the defendant was the owner of a stallion which he kept, and as a business, let to mares, for hire and reward; that in the month of October, 1883, in the course of his business, he, by his servant and agent, one Blackwelder, let his stallion to the mare of the plaintiff; that Blackwelder, as such agent and in the course of the business, so carelessly and negligently caused the stallion to serve the mare, as to severely wound and injure her, and that she afterwards died of such wounds and injuries.

This action is brought by the plaintiff to recover from the defendant damages for the loss so sustained by him.

On the trial, a witness testified that in September, 1883, he witnessed a contract between the defendant and the above named Blackwelder, whereby it was agreed that the latter should keep and "stand" the stallion of the former, until the spring, next thereafter, and then pay to the defendant one-half of the money realized from "standing" the horse, and keep the residue himself.

Another witness testified that he saw Blackwelder taking the stallion around in the course of his business, and saw the mare when she was injured. The plaintiff "then proposes to show by the witness, that L. C. Blackwelder let the horse to a mare belonging to the plaintiff Mode, after said contract was executed, and in doing so, by his negligence, allowed the mare to be killed." The defendant objected on the ground, that the testimony showed the existence of a partnership between Penland and Blackwelder,

and that Blackwelder was not the agent or servant of Penland. The objection was sustained, and the plaintiff excepted and submitted to a judgment of non-suit and appealed.

*Mr. J. F. Morphew,* for the plaintiff.

No counsel for the defendant.

MERRIMON, J. (after stating the facts). We think the Court ought to have received the evidence offered and rejected.

If it be granted that the evidence disclosed the existence of a partnership, as suggested by the Court, nevertheless, the defendant might be liable to the plaintiff for the negligence or tortious conduct of his partner acting in the course of the business of the partnership. Partners, as such, like individuals, are responsible for the negligence of their servants and agents in respect of the business of the agency, upon the maxim *qui facit per alium, facit per se,* and when one of the partners does acts in the course of the business, he is considered and treated in such respect, as the agent of the partnership, and the other partners. In such cases, the partners are all liable, even although the act complained of may not be assented to by all of them. Hence, in *Moreton* v. *Hordern,* 4 Barn. & Cres., 223, which was an action brought against three defendants, proprietors of a stage coach, where the declaration stated that the defendants so carelessly managed their coach and horses, that the coach ran against the plaintiff and broke his leg, and it appeared in evidence, that one of the defendants was driving at the time when the accident happened, and the jury found that it happened through his *negligent* driving, the Court held, that the plaintiff might maintain *case* against all the partners, although he might perhaps have been entitled to bring trespass against the partner who drove the coach.

Although the partners are all liable in such cases and *may* be sued, it does not follow that all of them *must* be sued. The law treats all torts as several, as well as joint, and the party in-

jured may, at his election, sue all the partners, or any one or more of them, for the injury done him. This rule of law is not peculiar to partnership—it extends to all cases of joint torts and trespasses at the common law, whether positive or constructive. Story on Part., §§166 and 167; Collyer on Part., §§457, 460 and 727.

So that the plaintiff, if he suffered the injury complained of, could maintain his action against the defendant alone, or against him and his partners, and the Court ought to have received the evidence.

It may be, that the Court rejected the evidence because there was a variance between it and the allegations in the complaint. If so, still the evidence should have been received, because the variance was not such as misled the defendant to his prejudice in making his defence. The substance of the material allegations of the complaint was, that the defendant, by the negligence of his agent in the course of the business of his agency, injured the plaintiff. The evidence tended to show that the agent was not exactly such as alleged, but it went to prove that he was such agent in substance and effect, although he may have been the defendant's partner. And if it was material in some degree, it was such as the Court ought to have aided, as generally it had authority to do. The Code, §269, provides that "no variance between the allegations in the pleading shall be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the Court, and in what respect he has been misled; and thereupon the Judge may order the pleading to be amended upon such terms as shall be just." And §270 further provides, that "where the variance is not material as provided in the preceding section, the Judge may direct the fact to be found according to the evidence, or may order an immediate amendment without costs."

The evidence offered was material.   If it had been received, the slight variance, if at all material, might have been cured as directed by the statute above cited.   Its very purpose is to cure defects such as are presented by this case.

There is error.   The judgment of non-suit must be set aside, and further proceeding had in the action according to law.   To that end, let this opinion be certified to the Superior Court.

Error.                                              Reversed.