THOMAS LONG, Admr, et al. v. J. A. JARRATT, Adm'r, et al.

*New Action—Judicial Sale.*

1. Where the Court has gotten jurisdiction over the parties and subject matter of an action, it will not permit a new and independent action to be brought to settle the same rights.   The parties cannot by consent give the Court jurisdiction of such new action, and when the facts appear, the Court should *ex mero motu* dismiss it.

2. A purchaser at a judicial sale, bears a certain relation to the action in which the sale is made, and he must enforce any rights he gets by such purchase by a motion in the pending action, and his assignee and the heirs-at-law of such assignees must do the same.

3. So where a purchaser at a sale to make land assets, assigned his bid, and his assignee paid the purchase money, but did not get a deed, and after his death, his administrator and heirs-at-law brought suit against the administrator who sold the land and the heirs-at-law of the intestate whose land was sold, to . have a deed executed ; *It was held*, that the relief must be obtained by a mo-

tion in the original cause in which the land was sold, and the action should be dismissed, and this was so, although the objection was not taken in the Court below.

4. In such case, the new action will not be treated as a motion in the original cause.

(*Mauney* v. *Pemberton*, 75 N. C., 219; *Chambers* v. *Penland*, 78 N. C., 53; *Lord* v. *Beard*, 79 N. C., 5; *Childs* v. *Martin*, 69 N. C., 126; *Gray* v. *The Railroad*, 77 N. C., 299, cited and approved).

CIVIL ACTION, tried before *Graves, Judge,* and a jury, at Fall Term, 1885, of the Superior Court of YADKIN county.

It appears from the allegations of the complaint, and the admissions in the answers, that the land, the title to which the plaintiffs seek to have made to them, was sold under and in pursuance of an order of the late Court of Pleas and Quarter Sessions of the county of Yadkin, made in a proceeding brought by the administrators of R. C. Puryear, deceased, against his heirs-at-law, to sell the same to make assets to pay debts of the intestate.   After that Court was abolished, the proceeding was duly transferred to the Superior Court of the county mentioned. The land was sold on a credit, on the 16th day of June, 1868, and John D. Kelly became the purchaser thereof, at the price of $2,010.   This sale was afterwards confirmed by the Court, the title to the land being withheld until the purchase money should be paid.   The plaintiffs allege that after the sale mentioned, the purchaser named, with the assent of the administrators mentioned, sold and assigned his bid to W. W. Long, the intestate of the plaintiff Thomas Long, administrator, and the ancestor of the other plaintiffs, he agreeing to pay the purchase money just as the purchaser had obliged himself to do, and by. arrangement, the bid was in form assigned to one of the administrators, until Long should pay the purchase money.   They further allege, that the latter, in his lifetime, paid in various ways, and at different times, nearly or quite all the purchase money for the land, and they ask that the administrator, to whom the bid was assigned for Long, be declared a trustee for the plaintiff's heirs-at-law; for an account; to be allowed to pay any balance of the purchase money ascertained to be due, and to have title made to them.

No defence was set up in the answer, that relief could be obtained by motion in the original cause.

There was a judgment for the defendants, and the plaintiffs appealed.

*Messrs. Jos. B. Batchelor* and *John Devereux, Jr.*, for the plaintiffs.

*Mr. C. B. Watson,* for the defendants.

Merrimon, J. (after stating the facts).    The proceeding in which the land was sold has not been terminated by any final order or decree, nor will it be, until the purchase money for the land shall have been paid, and a proper order entered, directing title to be made to the purchaser, or to the person to whom he may have transferred his bid.    That proceeding is still pending, in contemplation of law, and if it has been allowed to disappear from the current docket of the Court, it may be brought forward upon motion therein for that purpose.

By means of that proceeding, the Court has complete jurisdiction of the administrators of R. C. Puryear, his heirs-at-law, and the land in question, for the purpose of completing the sale of the land, and it ought to exercise its jurisdiction over the parties and subject matter of the proceeding, until the matter shall be determined according to law.    The Court ought not, and will not, in another proceeding or action, take jurisdiction of the same parties and the same subject matter, and do therein what ought properly and regularly to be done in the incomplete proceeding.    The law requires consistency in procedure, and in the exercise of jurisdictional authority.    It avoids and prevents confusion and multiplicity of actions in respect to the same cause of action, and it will not allow its purpose in these respects, to be defeated by the consent, assent, or inadvertence of parties. Hence it will not tolerate the inconsistency and practical absurdity, of suspending or stopping an action before it is completed, and do what ought legitimately to be done in it, in another and distinct action.

Therefore, when the Court sees its jurisdiction, already attached as to the same parties and the same subject matter, in a former action not yet ended, interfered with by another subsequent action, in respect of a matter that ought properly to be considered and determined in the former action, the Court ought, *ex mero motu*, to refuse to proceed in respect to such matter, and send the parties complaining, to seek their remedy and relief in the former and proper action, and if the subsequent action has reference to such matter only, it ought at once to be dismissed, as having been improvidently brought.

Now, obviously, the plaintiffs could have appropriate and adequate relief in the proceeding in which the land was sold. They really, in effect, seek to have the title to the land made to them, as the assignees of the bid of the purchaser at the sale. By the accepted bid of the purchaser, he put himself in relation with the proceeding, and could take benefit under it, and his assignee, W. W. Long, in his lifetime, placed himself in the like relation, and since his death, his administrator and heirs-at-law take his place, the administrator to pay the balance of the purchase money, and the heirs-at-law to receive the title to the land under the order of the Court. The chief remaining purpose of the proceeding, is to compel the payment of the purchase money, and upon the payment thereof, to direct the title to be made to the purchaser, or to the person to whom he transferred his bid, or his heirs, and if the money shall not be paid, then to order a resale of the land. *Mauney* v. *Pemberton*, 75 N. C., 219 ; *Chambers* v. *Penland*, 78 N. C., 53 ; *Lord* v. *Beard*, 79 N. C., 5 ; *Childs* v. *Martin*, 69 N. C., 126 ; *Gray* v. *The Railroad Co.*, 77 N. C., 299.

While we think the plaintiffs have to some extent misapprehended the nature of their alleged rights, it is not proper to determine their merits here. They can seek and obtain such relief as they may show themselves entitled to, in the proceeding in which the land was sold. One of its necessary purposes was to do what the plaintiffs seek to have done by this action, and the

Court will not take jurisdiction for the same purpose in this action, pending the former proceeding, for the reasons already stated.

There may be cases in which relief that might be obtained in a pending action, may be obtained in a distinct subsequent one, but this is not one of them. Here, one of the leading purposes of the pending proceeding, was to compel the payment of the purchase money of the land, if need be, and to make the title therefor to the purchaser or his assignees.

Nor will this action be treated as a motion in the former pending proceeding. The pleadings are not adapted to such purpose, nor were they so intended. Such practice as that suggested, has been tolerated in a few peculiar cases, but it is cumbersome and confusing, and ought not to be encouraged. Every action ought to serve its just legal purpose, or fail because it does not.

The Court ought not to have determined the action upon the merits of the alleged cause of action—it ought simply to have dismissed the action, upon the ground that the plaintiffs should have sought relief by motion or petition in the proceeding mentioned.

The judgment must therefore be reversed, and an order entered here dismissing the action without prejudice to the plaintiffs' right to their remedy indicated. *It is so ordered.*

Reversed. Dismissed.