MAGGIE ALEXANDER v. JAMES NORWOOD, Administrator
of A. PRATT.

*Practice—Pendency of Another Action—Abatement.*

1. Where an action is instituted and it appears to the court by plea, answer or demurrer that there is another action pending between the same parties and substantially on the same subject matter, and that all the material allegations and rights can be determined therein, such action will be dismissed.

2. In such case the plaintiff has no election to litigate in the one or to bring another action, and the parties cannot, even by consent, give the court jurisdiction.

3. Where the pendency of such other action appears in the complaint, advantage must be taken of it by demurrer—otherwise, by answer.

PROCEEDING, begun by petition, before the Clerk of the Superior Court of Orange County, by the heirs and next of kin of Alexander Pratt, deceased, against the defendant, his administrator, for the purpose of having the defendant increase his bond and to render an account and distribute the funds of the estate, heard by *Starbuck, J.*, at Fall Term, 1895, of ORANGE Superior Court, on appeal from the judgment of the Clerk sustaining the demurrer of defendant. His Honor overruled the Clerk's judgment and defendant appealed. The pertinent facts appear in the opinion of Chief Justice FAIRCLOTH.

*Mr. C. D. Turner*, for plaintiff.
*Messrs. Graham & Graham*, for defendant (appellant).

FAIRCLOTH, C. J.: The purpose of *The Code* system is to avoid a multiplicity of actions by requiring litigating parties to try and dispose of all questions between them on the same subject matter in one action. Where an action is instituted and it appears to the court by plea, answer or demurrer that there is another action pending between the same parties and substantially on the same subject matter, and that all the material questions and rights can be determined therein, such action will be dismissed. The plaintiff has no election to litigate in the one or bring another action. *Rogers* v. *Holt*, Phil. Eq., 108. And the court will *ex mero motu* dismiss the second action, as the parties even by consent cannot give the court jurisdiction. *Long* v. *Jarratt*, 94 N. C., 443.

In the case before us it appears from the complaint that there is another action pending in the same court between the same parties (reversed) in which the right of the administrator to sell lands for assets is the main question, in which the defendants therein deny the right to sell on the ground

that there is sufficient funds already in the hands of the administrator to pay all debts and charges. The complaint in this action refers to the former action, which reference in effect incorporates the same into this case. The present action demands that the administrator distribute to plaintiffs their shares of the estate. This involves an account, which can be had in the first action. Where the pendency of the first action appears in the complaint, the question is properly raised by demurrer. If it does not so appear, then the defense must be made by answer. The judgment overruling the demurrer is erroneous.

Reversed.