J. D. DANIEL v. W. P. BETHELL ET AL.

(Filed 5 November, 1914.)

**Partnership—Service on One Partner—Judgment—Property Subject to Execution—Service After Judgment—Interpretation of Statutes.**

> Where a judgment has been obtained in an action against a partnership (here a husband and wife) and summons therein has been issued and served only on one of the partners, and the other has not made himself a party or taken proper steps by independent action to prevent it, execution may issue on the partnership property and on the property of the individual member who has been served with process (Revisal, sec. 413) ; and as to the partner not served with summons, he may be made a party after judgment rendered, and then execution may issue against his separate property. Revisal, secs. 413, 414.

APPEAL by defendant from *Devin, J.,* at June Term, 1914, of ROCK-INGHAM.

*No counsel for plaintiff.*
*C. O. McMichael and H. R. Scott for defendants.*

CLARK, C. J. This is an action for the recovery of $305.91 alleged to be due for services rendered as clerk to the firm of W. P. Bethell & Co. The summons was issued against "W. P. Bethell and Mary Sue Bethell, partners, trading under the firm name of W. P. Bethell & Co." The complaint alleged that they were partners doing business in that style, and that the services were rendered by the plaintiff under a contract with them, on which there was a balance due of $305.91. The answer denied the partnership. The summons was served on W. P. Bethell alone. The answer alleged that Mary Sue Bethell was the owner of the farm on which the mercantile business was conducted, and that W. P. Bethell was her husband and agent, and denied the partnership. The jury in response to the issues submitted found that W. P. Bethell and Mary Sue Bethell were partners, trading as W. P. Bethell & Co. (Laws 1911, ch. 109), and that W. P. Bethell was indebted to the plaintiff for the services alleged in the sum of $305.91. The judgment was rendered that the plaintiff recover that sum of W. P. Bethell and W. P. Bethell & Co.

The jury having found that the partnership existed, the defendant W. P. Bethell, who alone was served with summons, was liable individually for the debts of the firm, and also the firm was liable, since the summons was served upon one of the partners. The defendant Mary Sue Bethell was not served with summons and did not appear in the action. Of course, the judgment is not binding on her individually, and execution cannot issue thereon against her individual property unless she should be brought in and made a party, which could be done after judgment. Rev., 413 and 414; *Davis v. Sanderlin,* 119 N. C., 84.

The chief contention of the defendant is that the issues did not cover the whole matter in litigation. But it is not necessary that all the members of an alleged partnership should be served with summons in the action. Rev., 413; *Hanstein v. Johnson,* 112 N. C., 254. A partnership is represented by the partner who is served, and as to him the judgment is binding on him individually and as to the partnership property. If the other partner denies the partnership, it is open to her by proper proceedings to prevent the execution being levied upon the partnership goods; but W. P. Bethell is estopped by the verdict and judgment. In the absence of proceedings on the part of Mary Sue Bethell either to make herself party to this action or by an independent action to stay the execution, it can be levied on the partnership property.

No error.