J. A. JONES CONSTRUCTION·COMPANY v. HAMLET ICE COMPANY.

(Filed 25 November, 1925.)

**Actions—Second Action on Same Subject-Matter—Motions—Dismissal—Courts—Jurisdiction.**

> Where an action has been commenced by the issuance of a summons in the Superior Court of a county, an action thereafter commenced in a different county wherein the same or substantially the same subject-matter is involved, between the same parties, will be dismissed when the plaintiff in the second action may obtain adequate relief in the one first brought; or the court, *ex mero motu*, will dismiss the later action for want of jurisdiction.

APPEAL by plaintiff from *Lane, J.,* at May Term, 1925, of MECKLENBURG.

Civil action to recover balance alleged to be due under a building contract.

Upon motion of defendant, there was a judgment dismissing the action for that another suit between the same parties, involving substantially the same subject-matter, was pending in another county. Plaintiff appeals.

*Stewart, McRae & Bobbitt for plaintiff.*
*J. W. Bailey and S. Brown Shepherd for defendant.*

STACY, C. J. The facts are these: On 23 March, 1925, the Hamlet Ice Company instituted a suit in the Superior Court of Wake County against the J. A. Jones Construction Company, of Charlotte, N. C., and the Maryland Casualty Company, as surety, to recover damages for an alleged breach of a building contract. Summons in the action was served by the sheriff of Mecklenburg County on 24 March, 1925, and the complaint was filed on 8 April, 1925. After the service of summons in the suit just mentioned, and on the following day, 25 March, 1925, the J. A. Jones Construction Company instituted this action in the Superior Court of Mecklenburg County against the Hamlet Ice Company to recover the balance alleged to be due and unpaid under the said building contract. The summons and complaint in this action were served simultaneously by the sheriff of Wake County on 26 March, 1925.

It will be observed that the parties bottom their respective causes of action on the same contract, each alleging a breach by the other. The two causes of action, therefore, arise out of the same subject-matter; and a recovery by one would necessarily be a bar or offset, *pro tanto* at least, to a recovery by the other.

The action instituted by the Hamlet Ice Company in Wake County was pending at the time of the institution of the second suit by the J. A. Jones Construction Company in Mecklenburg County, for it is held in this jurisdiction that an action is pending from the time summons is issued. *Pettigrew v. McCoin,* 165 N. C., 472, 52 L. R. A. (N. S.), 79, and note. Hence, the motion to dismiss the present action was properly allowed. *Allen v. Salley,* 179 N. C., 147.

Speaking to the question in *Alexander v. Norwood,* 118 N. C., 381, *Faircloth, C. J.,* said: "Where an action is instituted, and it appears to the court by plea, answer or demurrer that there is another action pending between the same parties and substantially on the same subject-matter, and that all the material questions and rights can be determined therein, such action will be dismissed. The plaintiff has no election to litigate in the one or bring another action (*Rogers v. Holt,* 62 N. C., 108), and the court will, *ex mero motu,* dismiss the second action, as

the parties, even by consent, cannot give the court jurisdiction. *Long v. Jarratt,* 94 N. C., 443."

To like effect is the language of *Walker, J.,* in *Emry v. Chappell,* 148 N. C., p. 330: "The general principle of the law is that the pendency of a prior suit for the same thing or, as commonly said, for the same cause of action between the same parties in a court of competent jurisdiction will abate a later suit, because the law abhors multiplicity of suits and will not permit a debtor or a defendant to be harassed or oppressed by two actions, if even substantially alike, to recover the same demand, when the plaintiff in the second action can have a complete remedy by one of them. 1 Cyc., 20-21; *Alexander v. Norwood,* 118 N. C., 381; *McNeill v. Currie,* 117 N. C., 341; *Harris v. Johnson,* 65 N. C., 478. The principle is based upon the supposition that, if the first suit is so constituted as to be effective and available, and also to afford an ample remedy to the plaintiff in the second, the latter is unnecessary and should be dismissed. *Smith v. Moore,* 79 N. C., 82. The positions of the respective parties on the record in the two suits, whether plaintiffs or defendants, is not material, if full relief can be had in the one first commenced. *Gray v. R. R.,* 77 N. C., 299; *Wallace v. Robinson,* 41 N. H., 286."

The appeal presents no error, and hence, the judgment of dismissal must be upheld.

Affirmed.