W. F. MORRISON v. W. C. LEWIS AND GROVER THOMPSON.

(Filed 17 April, 1929.)

**Abatement and Revival B b—Action is pending from issuance of summons—Pleadings.**

An action is pending in the Superior Court from the time the clerk issues the summons for service by the proper process officer, and where the action has not abated by failure to complete service as the law requires, another action later begun, involving the same subject-matter between the same parties, will be dismissed when this is properly made to appear. C. S., 475.

APPEAL by plaintiff from *Shaw, J.,* at November Term, 1928, of GUILFORD.

Civil action to recover damages for an alleged negligent injury resulting from a collision between plaintiff's automobile, driven by himself, and a truck, owned by the defendant, W. C. Lewis, and operated at·the time by his employee, Grover Thompson.

On motion of the defendant, W. C. Lewis, there was a judgment dismissing the action as to him for that another suit between the same parties, involving the same subject-matter, was pending in Surry County; and on motion of defendant, Grover Thompson, the action against him was removed to Surry County for trial for the convenience of witnesses and to promote the ends of justice.

Plaintiff appeals, assigning error.

*King, Sapp & King for plaintiff.*
*J. F. Hendren and Wm. M. Allen for defendants.*

STACY, C. J. The collision between plaintiff's automobile and defendant's truck occurred on 23 September, 1927. Suit for damages arising out of said collision was instituted in Surry County by W. C. Lewis against W. F. Morrison 14 November, 1927; summons being signed by the clerk on that day, delivered immediately to plaintiff's attorney for delivery to the sheriff who received it 22 November and duly served same 28 November thereafter. The present suit of W. F. Morrison against W. C. Lewis and Grover Thompson for damages arising out of the same collision was instituted in Guilford County 21 November, 1927, summons being delivered to the sheriff 22 November and duly served 25 November thereafter.

The appeal presents the single question as to whether the suit, of Lewis v. Morrison was pending in Surry County at the time of the institution of the present action in Guilford County. The trial court held that it was, as summons had been "issued" therein 14 November, 1927, and we are disposed to concur in this ruling.

The rationale of our decisions on the subject seems to be that when a summons passes out of the hands of the clerk for service, whether delivered directly to the sheriff or to another for him, and is duly served on or before the day fixed for its return, nothing else appearing, the action is regarded as pending from the time the summons left the clerk's office, under his sanction and authority, for the purpose of being served. *McClure v. Fellows,* 131 N. C., 509, 42 S. E., 951 (overruled on another point in *Grocery Co. v. Bag Co.,* 142 N. C., 174, 55 S. E., 90, and *Jenette v. Hovey,* 182 N. C., 30, 108 S. E., 301); *Houston v. Thornton,* 122 N. C., 365; 29 S. E., 827; *Currie v. Hawkins,* 118 N. C., 593, 24 S. E., 476; *Webster v. Sharpe,* 116 N. C., 466, 21 S. E., 912; *Pettigrew v. McCoin,* 165 N. C., 472, 81 S. E., 701; *Construction Co. v. Ice Co.,* 190 N. C., 580, 130 S. E., 165.

It is provided by C. S., 475, that "civil actions shall be commenced by issuing a summons," and, as a general rule, a summons is said to be "issued" when it passes from the clerk's office, or the office of a justice of the peace, under the sanction and authority of such officer, for the purpose of being served. Of course, if the summons be not served on or before the day fixed for its return, and no alias is sued out or ordered, a discontinuance of the action results therefrom. *Neely v. Minus,* 196 N. C., 345. And if a discontinuance be worked by failure to serve the summons by the return date, and not until that time, it would seem to follow that the action was pending from the time the summons left the clerk's hands for the purpose of being served. *Pettigrew v. McCoin, supra.*

The decision in *Smith v. Lumber Co.,* 142 N. C., 26, 54 S. E., 788, is not at variance with this position, but in support of it, for in that case—

the question of only one day being involved—the summons did not leave the hands of the justice of the peace who signed it until the day following its date.

The motion to dismiss the present action as against the defendant, W. C. Lewis, was properly allowed. *Allen v. Salley,* 179 N. C., 147, 101 S. E., 545.

In *Alexander v. Norwood,* 118 N. C., 381, 24 S. E., 119, it was said: "Where an action is instituted, and it appears to the court by plea, answer or demurrer, that there is another action pending between the same parties and substantially on the same subject-matter, and that all the material questions and rights can be determined therein, such action will be dismissed."

On authority of the cases cited, the judgment will be upheld.

Affirmed.