MOLLIE JOHNSON, ADMINISTRATRIX OF DALLAS D. JOHNSON, v.
W. LESLIE SMITH.

(Filed 22 March, 1939.)

**1. Abatement and Revival § 6—**

Objection on the ground of another action pending between the same parties on the same cause may be taken by answer, C. S., 511, 517.

**2. Abatement and Revival § 9—Where action does not abate and administratrix is made party upon defendant's death, the action bars subsequent action by administratrix arising out of same transaction.**

In an action instituted to recover damages resulting from an automobile collision, defendant died prior to service of process. Thereafter defendant's administratrix was joined as a party and duly served with process. The administratrix started this action in another county to recover damages for the death of intestate based on the same automobile collision. Defendant in the present action filed answer pleading pendency of the former action and moved to dismiss the present action. *Held:* Prior to his death intestate might have set up a counterclaim in the prior action, to which right his administratrix succeeded, C. S., 461, 521 (1), and in contemplation of law the two actions are identical as to subject matter and parties and the second action was properly dismissed upon defendant's plea.

**3. Abatement and Revival § 11: Pleadings § 10—**

An action for damages resulting from an automobile collision does not abate upon the death of the defendant, C. S., 461, but may be continued upon the joinder of defendant's personal representative as a party, and the personal representative may set up therein a counterclaim for damages for the death of her intestate arising out of the same accident, C. S., 521 (1).

**4. Abatement and Revival § 9: Venue § 1b—Venue is governed by the status of the parties at the time of the institution of the action.**

Plaintiff instituted an action in the county of his residence to collect damages resulting from an automobile collision. C. S., 469. The defendant died prior to service of process and thereupon defendant's administratrix was joined as a party defendant. *Held:* The administratrix may not claim that the action is not properly pending because not instituted in the county in which she had given bond, C. S., 465, since venue is governed by the status of the parties at the commencement of the action, but defendant administratrix may move for a removal of the cause to the county of her residence and the scene of the collision involved for the convenience of witnesses and the promotion of the ends of justice. C. S., 470 (2).

APPEAL by plaintiff from *Williams, J.,* at September Term, 1938, of HARNETT. Affirmed.

*Dupree & Strickland and L. M. Chaffin for plaintiff, appellant.*
*Ruark & Ruark for defendant, appellee.*

JOHNSON *v.* SMITH.

SCHENCK, J. This is an action by an administratrix to recover damages for the wrongful death of her intestate wherein it is alleged in the complaint that such death was due to a collision between an automobile operated by said intestate and an automobile operated by the defendant, which said collision was caused by the negligence of the defendant. In the answer negligence of the defendant is denied, and contributory negligence of the intestate is pleaded, and by way of a second further answer and defense motion to abate the action is made for the reason that there is "another action pending between the same parties for the same cause."

The salient facts are these: On 13 May, 1938, there was a collision between an automobile operated by the intestate and an automobile operated by the defendant on State Highway No. 210 in Harnett County, from injuries received in which the intestate died 5 June, 1938. On 2 June, 1938, W. Leslie Smith, defendant in this action, commenced action against Dallas D. Johnson in Pitt County for personal injuries and property damage suffered in said automobile collision which he alleged was caused by the negligence of said Johnson, summons in which action was returned unserved due to the death of the defendant therein named. At the time of the issuance of summons in that case the plaintiff therein received an order from the clerk allowing him until 21 June, 1938, in which to file complaint. The plaintiff duly qualified as administratrix of Dallas D. Johnson, and on 29 July, 1938, procured summons in this case to issue from the Superior Court of Harnett County, which was duly served, with copy of complaint, on the defendant, and on 25 August, 1938, defendant filed answer denying the material allegations of the complaint, alleging contributory negligence of the decedent, and also lodging motion to abate plaintiff's action on the ground that another action between the same parties, involving the same subject matter, was pending in the Superior Court of Pitt County. On 17 September, 1938, plaintiff filed reply to defendant's second further answer and defense and motion to abate in which denial was made of another action pending between the same parties, involving the same subject matter.

On 22 August, 1938, W. Leslie Smith procured an order making the administratrix of Dallas D. Johnson, deceased, a party defendant in the action he had theretofore instituted against said decedent in Pitt County, and had summons to issue to said administratrix, C. S., 462, and filed complaint wherein it is alleged that plaintiff suffered personal injuries and property damage in a collision between an automobile of said Smith and an automobile of said decedent on 2 June, 1938, caused by the negligence of said decedent.

At the September Term, 1938, of Harnett County, the motion to abate was heard and allowed, and a judgment entered dismissing the action, and from this judgment the plaintiff appealed, assigning errors.

"The purpose of The Code system is to avoid a multiplicity of actions by requiring litigating parties to try and dispose of all questions between them on the same subject matter in one action. Where an action is instituted, and it appears to the court by plea, answer or demurrer that there is another action pending between the same parties and substantially on the same subject matter, and that all the material questions and rights can be determined therein, such action will be dismissed." *Alexander v. Norwood,* 118 N. C., 381; *Construction Co. v. Ice Co.,* 190 N. C., 580; *Morrison v. Lewis,* 197 N. C., 79.

The defendant was authorized to make the objection of "another action pending between the same parties for the same cause" by answer. C. S., 511 and 517.

The plaintiff in the Pitt County case is the defendant in this case and is therefore the same party; and the plaintiff in this case is the administratrix of the defendant in the Pitt County case, and is, in our opinion, in contemplation of law the same party. The administratrix succeeded to all the rights and assets of her intestate and is subjected to all of his debts and liabilities, and the right to maintain an action for the wrongful death of her intestate is but a statutory continuation, extension and enlargement of the right that existed prior to his death in favor of her intestate to maintain a cross action or counterclaim for personal injuries in the action instituted against him in Pitt County. "No action abates by the death . . . of a party . . ." and "the court may allow the action to be continued by or against his representative or successor in interest." C. S., 461. Thus is recognized the continuity of the parties to actions instituted by or against a decedent prior to his death with the parties to such actions continued by or against his personal representative after his death. *Latham v. Latham,* 178 N. C., 12. The two actions, the Pitt County action and the Harnett County action, are substantially on the same subject matter, namely, damages suffered by reason of one and the same negligently caused automobile collision. All the material questions and rights involved in the Harnett County case, namely, as to whose negligence caused the collision and the *quantum* of damage suffered, may be determined in the Pitt County case, by the defendant therein (plaintiff herein) denying the allegations of negligence of her intestate, and filing a cross action or counterclaim for the wrongful death of her intestate, as she is permitted so to do by C. S., 521 (1), since such counterclaim arises out of the transaction set forth in the complaint as the foundation of the plaintiff's claim and is connected with the subject of the action. "A counterclaim connected with plaintiff's cause of action or with the subject of the same will nearly always take its rise before action brought, but we hold that neither the statute nor the reason of the thing require that such counterclaim should

necessarily or entirely mature before action commenced, nor even before answer filed, if the provisions of The Code permit, and right and justice require that an amendment be allowed which will enable parties to end the same controversy in one and the same litigation." *Smith v. French,* 141 N. C., 1.

In an action for damages arising out of an automobile collision between the plaintiff and defendant, this Court said: "The entire spirit of The Code is to avoid multiplicity of suits, and, therefore, Rev., 481 (1), (C. S., 521 [1]), authorizes a defendant to plead as a counterclaim any 'cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action.' This was intended to authorize the claim and counterclaim to be settled in one action, when there is another contract or a matter 'arising out of the same contract or transaction,' which could not have been pleaded at common law, but it was not intended to divide into two actions and authorize two suits to be brought upon the same contract or transaction, which would be the case here if after the defendant had sued the plaintiffs for the collision the defendants in that case could sue the plaintiff therein for the same collision. In fact, however, the defendant herein has not pleaded a counterclaim nor did the defendants in the former case. The defendant in this case has pleaded the 'pendency of the former action for the same cause,' as authorized by Rev., 477 (C. S., 517). The cause is identical, for it is on the same acts, by the same parties. What the remedy will be and whether the verdict and judgment will be for the plaintiff or the defendant is to be determined in that suit." *Allen v. Salley,* 179 N. C., 147.

The contention of the plaintiff that the Pitt County case is not now properly pending because it is against her in her official capacity as administratrix and was not instituted in the county (Harnett) in which she had given her bond, as required by C. S., 465, is untenable. At the time the action was commenced it was against the decedent who was then alive and a resident of Harnett County and the plaintiff was a resident of Pitt County, under which circumstances the plaintiff was authorized to commence the action in Pitt County. C. S., 469. "The question of venue is governed by the *locus* 'at the commencement of the action.'" *Hannon v. Power Co.,* 173 N. C., 520. In construing C. S., 465, in connection with C. S., 461, relative to the continuance of actions after the death of a party, and C. S., 462, relative to the procedure on the death of a party, it is said: "These sections clearly recognize the continuity of the action and the right to have it tried where instituted, and to avoid delay the personal representative must appear before the clerk and answer so that the issues may be tried at the next term, thus showing that no right of removal was contemplated, because of the requirement

to answer and be ready for trial before the term at which he would have to make his motion to remove." *Latham v. Latham, supra.*

We are of the opinion, and so hold, that the judgment of the Superior Court is in accord with apposite statutes and decisions of this Court. Should it be made to appear, however, upon motion properly, lodged in the Pitt County case, that the convenience of witnesses and the ends of justice would be promoted by a removal of the case to Harnett County, the residence of the administratrix and the scene of the collision involved, such removal may be had.   C. S., 470 (2).

Affirmed.