JAMES OSCAR THOMPSON v. VIRGINIA AND CAROLINA SOUTHERN RAILROAD COMPANY, a CORPORATION.

(Filed 13 December, 1939.)

**1. Abatement and Revival § 17—**

Where it does not appear upon the face of the complaint that a prior action is pending between the parties, the objection may be raised by answer, C. S., 517, treated as a plea in abatement.

**2. Abatement and Revival § 7: Master and Servant § 44—**

Where it appears that an injured employee's action against the third person tort-feasor is instituted prior to the institution of an action by the compensation insurance carrier against the tort-feasor, chapter 449, Public Laws 1935, Michie's Code, sec. 8081 (r), defendant's plea in abatement in the employee's action on the ground of the pendency of a prior action cannot be sustained.

**3. Pleadings § 14—**

When defendant demurs *ore tenus* on the ground that the court is without jurisdiction, and this defect does not appear upon the face of the complaint, the court may consider the facts alleged in the answer and the evidence heard by it upon defendant's motion to dismiss.

**4. Master and Servant § 44—Employee may maintain action in his own name against third person tort-feasor when no award of compensation has been made to employee.**

This action was instituted by an employee against a third person tort-feasor. It appeared that an award for medical expenses had been made

on petition of the doctor, but no claim for compensation had been filed by the employee against his employer and that no compensation for the injury had been awarded him, and that the time for filing claim therefor had expired, so that no future claim by subrogation could accrue in favor of the employer or insurer against the third person tort-feasor. It further appeared that the insurance carrier subsequently instituted action against the third person tort-feasor to recover the amount paid by the insurer under the award of medical expenses. *Held:* The third person tort-feasor is liable in damages for any negligent injury inflicted by it and is not interested in the form of the action except to the extent of seeing that it may not be twice vexed nor more than one recovery allowed, nor is it concerned with the method of distribution of any recovery, and therefore it is not entitled to dismissal of the employee's previously instituted action. Whether, and if so, by what method, the insurance carrier can be reimbursed out of the recovery for the amount paid by it for medical expenses *held* not presently presented, but the trial court has power, by proper order, to protect the interests of all parties before the court.

APPEAL by plaintiff from *Burney, J.,* at May Term, 1939, of ROBESON. Reversed.

*McKinnon, Nance & Seawell for plaintiff.*
*McLean & Stacy for defendant.*

DEVIN, J. Plaintiff instituted his action against defendant Railroad Company for damages for a personal injury alleged to have been caused him by the negligence of the defendant. He alleged that while he was in a boxcar on defendant's track, at work for his employer, the R. J. Reynolds Tobacco Company, the boxcar was violently struck by one of defendant's locomotives, negligently operated, and he suffered a physical injury to his head and body, for which he asks damages in the sum of $3,000. The injury occurred 23 August, 1938, and summons was issued 19 October, 1938.

Defendant answered, denying the allegations of negligence, pleading contributory negligence, and further alleged that plaintiff was an employee of R. J. Reynolds Tobacco Company, and that both he and his employer had accepted the provisions of the North Carolina Workmen's Compensation Act, and that plaintiff's claim should have been filed with the Industrial Commission, which had exclusive jurisdiction of the matters complained of. The answer was verified 9 November, 1938. In March, 1939, defendant filed an amended answer alleging that plaintiff's claim had been heard and adjudicated by the Industrial Commission, and that an award thereon had been paid by the employer's insurance carrier, and that the insurance carrier, the Maryland Casualty Company, had instituted suit against defendant on behalf of itself and the plaintiff to recover damages for the injury under the provisions of ch. 449, Public Laws 1933 (Michie's N. C. Code, sec. 8081 [r]).

At the hearing defendant demurred to the complaint on the ground that the injury complained of was due to an accident arising out of and in the course of plaintiff's employment by R. J. Reynolds Tobacco Company, and that following a hearing had before the Industrial Commission upon the report of the plaintiff's employer, and an award made thereon, a suit had been instituted against the defendant by the Maryland Casualty Company, employer's insurance carrier, upon the same cause of action, which was now pending, and defendant moved to dismiss the action.

In support of this demurrer and motion the court heard evidence offered by defendant and made certain findings, and adjudged that the motion of defendant be allowed and dismissed the action.

The defendant's demurrer, interposed on the ground that there was another action pending between the same parties for the same cause, related to matters which do not appear on the face of the complaint. But this objection may be raised by answer (C. S., 517), treated as a plea in abatement. *Lineberger v. Gastonia,* 196 N. C., 445, 146 S. E., 79. However, the record discloses that plaintiff's action was begun 19 October, 1938, and that the action of the Maryland Casualty Company against defendant was not instituted until 15 February, 1939. Hence, the defendant's motion based upon this ground alone could not avail. *Pettigrew v. McCoin,* 165 N. C., 472, 81 S. E., 701; *Allen v. Salley,* 179 N. C., 147, 101 S. E., 545; *Bank v. Broadhurst,* 197 N. C., 365, 148 S. E., 452; *Bowling v. Bank,* 209 N. C., 463, 184 S. E., 13.

Treating defendant's motion as a demurrer *ore tenus* to the jurisdiction of the Superior Court, it seems that the defect complained of does not appear on the face of the complaint. The facts found by the court below were not alleged or admitted by the plaintiff. However, it may be proper to consider the matters set up in the answer, in the light of the evidence produced before the trial court, as bearing on defendant's plea that the Superior Court did not have jurisdiction of plaintiff's action.

The North Carolina Workmen's Compensation Act, as amended by chapter 449, Public Laws 1933, prescribes that the rights and remedies granted by the act to an employee to secure compensation for an injury by accident shall exclude all other rights and remedies as against his employer. The statute contains the further provision: "Provided, however, that in any case where such employee, his personal representative, or other person may have a right to recover damages for such injury, loss of service, or death from any person other than the employer, compensation shall be paid in accordance with the provisions of this act." The provision making the remedy against the employer under the act exclusive, does not appear in the clause relating to suits against third persons.

The jurisdictional facts, as disclosed by the testimony of the secretary of the Industrial Commission, were these: Notice of the accident was given the Commission by plaintiff's employer, but the plaintiff Thompson did not at any time make any claim before the Commission for compensation, or for a hearing, or for an award, nor was he ever present or represented at any hearing. Neither the employer nor the employee requested a hearing on compensation, nor did either employer or employee ever agree to an award. The award, dated 13 December, 1938, dealt only with medical expenses, and was made on petition of the doctor.

The Workmen's Compensation Act defines "compensation" as the "money allowance payable to an employee or his dependents as provided for in this act and includes funeral benefits provided herein."

It was alleged in the answer that the Maryland Casualty Company, the insurance carrier of the employer, paid the award for medical expenses (amounting to $114), and it appears that the Casualty Company has instituted action in its own name against the defendant Railroad Company to recover for the injury to plaintiff. The statute provides that where an employee is insured and the insurance carrier shall have paid any compensation for which the employer is liable the insurance carrier shall be subrogated to the rights of the employer and may enforce any such rights in the name of the injured employee.

It is apparent that no compensation for the injury has been claimed by the plaintiff, or awarded him by the Industrial Commission, and the mere fact that the insurance carrier, having paid the medical expenses allowed by the Commission on the doctor's petition, has instituted suit in its own name against the defendant, cannot be held to entitle the defendant Railroad Company to a dismissal of plaintiff's previously instituted action against it for damages for an injury alleged to have been caused by its negligence.

In *Brown v. R. R.*, 204 N. C., 668, 169 S. E., 419, *Brogden, J.,* speaking for the Court, makes this observation: "Manifestly the statute was designed primarily to secure prompt and reasonable compensation for an employee, and at the same time permit an employer, or his insurance carrier, who has made a settlement with the employee, to recover the amount so paid from a third party causing the injury to such employee. C. S., 8081 (r). Moreover, the statute was not designed as a city of refuge for a negligent third party."

Nor may the rule in *Hardison v. Hampton,* 203 N. C., 187, 165 S. E., 355, be invoked in support of the judgment below. It was said in that case: "When the employer has filed with the Commission a report of the accident and claim of the injured employee, the Commission has jurisdiction of the matter and the claim is filed with the Commission within the meaning of section 24." But here it affirmatively appears from

defendant's evidence that no claim was made, or attempted to be made, by or on behalf of plaintiff, or considered by the Industrial Commission, for compensation for this injury.

The defendant is not primarily concerned with the form in which this action against it, to recover damages for the injury to plaintiff, is prosecuted, except to see that it may not be twice vexed nor more than one recovery allowed. The period of twelve months within which plaintiff could file claim for compensation under the act has elapsed, and no other right of action could now accrue for the benefit of the employer, or its insurance carrier, or the plaintiff. If it be established that the defendant negligently caused plaintiff's injury, it must respond in damages, and is not concerned with the method of distribution of the recovery. In the event of recovery by plaintiff in this action, whether the insurance carrier can be reimbursed for the amount paid for medical expenses, or, if so, in what manner, is not now before us. The Court has power, by proper order, to protect the interests of all parties before the Court.

We conclude that the court below was in error in sustaining defendant's motion, and that the judgment dismissing the action must be

Reversed.