T. P. DWIGGINS AND W. W. SMITH, TRADING AS SMITH-DWIGGINS MOTOR COMPANY, v. PARKWAY BUS COMPANY, INC.

(Filed 13 April, 1949.)

**1. Abatement and Revival § 6—**

Where a prior action is pending between the same parties, involving substantially the same subject matter, the second action will be dismissed upon demurrer if the pendency of the prior action appears on the face of the complaint, G.S. 1-127, or upon answer which alleges the facts, treated as a plea in abatement, if the pendency of the prior action does not so appear, G.S. 1-133.

**2. Partnership § 6d—**

Each partner is jointly and severally liable for a tort committed by one partner in the course of the partnership business, and the injured person may sue all members of the partnership or any one of them at his election. G.S. 59-43.

**3. Partnership § 7—**

Where one partner is sued individually for a tort committed by him in the course of the partnership business, a judgment would be binding upon him individually, and as to the partnership property, but not as against the other partner individually, but the court at any time before judgment may direct that such other partner be brought in and made a party.  G.S. 1-73.

**4. Abatement and Revival § 9—**

One partner was sued individually for damages resulting in a collision occurring while the partner was driving a partnership vehicle in the course of the partnership business.  Thereafter the individual partners instituted suit in another county against the plaintiff in the first action to recover damages resulting to them out of the same collision.  *Held:* The parties to the two actions are identical for the purposes of a plea in abatement, and the second action is abated in the Supreme Court upon the plea, the remedy in the second action being by counterclaim in the first.

APPEAL by defendant from *Clement, J.,* at December Term, 1948, of DAVIE.

Civil action to recover damage to plaintiff's automobile allegedly resulting from actionable negligence of defendant.

These facts are uncontroverted:

I.  On 6 January, 1948, an automobile, a Plymouth sedan, property of T. P. Dwiggins and W. W. Smith, trading as Smith-Dwiggins Motor Company, a partnership engaged in business at Mocksville, Davie County, North Carolina, plaintiffs in this action, operated by said T. P. Dwiggins, came into collision with a passenger bus, property of Parkway Bus Company, a corporation whose principal office and place of business is in Wilkes County, North Carolina, defendant in this action, operated by its driver, J. Ervin Tutterow, resulting in damage to the automobile, and to the bus, and in personal injury to T. P. Dwiggins.

II.  On 14 January, 1948, Parkway Bus Company, Inc., instituted an action in Superior Court of Wilkes County against T. P. Dwiggins and Smith-Dwiggins Motor Company, Inc., to recover damage done to its bus, in said collision, allegedly resulting from actionable negligence of T. P. Dwiggins, agent and employee of Smith-Dwiggins Motor Company, a corporation.  Summons in this action was duly served on T. P. Dwiggins, individually on 21 January, 1948—and a copy of summons, and of complaint were left at the principal place of business of Smith-Dwiggins Motor Company in Mocksville, Davie County, N. C.  The plaintiff, in its complaint filed in this action, in Wilkes County, alleged on information and belief that the Smith-Dwiggins Company was a corporation, but under date of 9 February, 1948, filed an amendment to its complaint as a matter of right, and before time for answering had expired, inserting in lieu of the above allegations that Smith-Dwiggins Motor Company

is a partnership composed of W. W. Smith and T. P. Dwiggins; and that T. P. Dwiggins is a partner, agent and employee of said partnership, and on 6 January, 1948, he was driving the Plymouth sedan, referred to above, and, at the times alleged, was acting as an agent, servant and employee of said partnership, and in the furtherance of the partnership's business.

III.   In the meantime on 30 January, 1948, T. P. Dwiggins and W. W. Smith, trading as Smith-Dwiggins Motor Company, a partnership, as plaintiffs, instituted the present action in the Superior Court of Davie County, North Carolina, against Parkway Bus Company, Inc., as defendant, for the purpose of recovering for damage done to their automobile in said collision, allegedly resulting from the actionable negligence of J. Ervin Tutterow, driver of the passenger bus of the Bus Company. Summons in this action was served on 2 February, 1948.

IV.   Thereafter the Parkway Bus Company, upon special appearance, moved to dismiss the present action for that the pending action in Wilkes County involved the same transaction, etc.   This motion was denied on the ground that the relief sought must be taken advantage of by demurrer or answer.   And the Parkway Bus Company answered, and pleaded the pendency of the action in Wilkes County in bar of right of the present plaintiff partnership to maintain this action in Davie County, and attached as a part of its answer a copy of its complaint, and amendment to complaint filed in the Wilkes County case.   And upon the call of the present case for trial, defendant, Parkway Bus Company, moved that the case be dismissed on the ground of a prior pending suit between the same parties in Wilkes County.   The motion was overruled, and defendant excepted.   Exception No. 2.

V.   The case proceeded to trial on two issues: "1. Was the plaintiff's automobile damaged by the negligence of the defendant as alleged in the complaint?

"2. What amount, if any, is the plaintiff entitled to recover of the defendant?"

The jury answered the first issue "Yes," and the second, "$1,500.00."

From judgment in favor of plaintiff, on verdict so rendered, defendant appeals to Supreme Court, and assigns error.

*A. T. Grant and Whicker & Whicker for plaintiff, appellee.*
*Larry S. Moore for defendant, appellant.*

WINBORNE, J.   Did the court below err in denying motion of defendant Parkway Bus Company for dismissal of present action on the ground that there is another action pending between the same parties for the

same cause? G.S. 1-127. This is the determinative question on this appeal, and the answer is "Yes."

"Where an action is instituted, and it appears to the court by plea, answer or demurrer, that there is another action pending between the same parties and substantially on the same subject matter, and that all the material questions and rights can be determined therein, such action will be dismissed," *Faircloth, C. J.,* in *Alexander v. Norwood,* 118 N.C. 381, 24 S.E. 119. See also *Emry v. Chappell,* 148 N.C. 327, 62 S.E. 411; *Allen v. Salley,* 179 N.C. 147, 101 S.E. 545; *Construction Co. v. Ice Co.,* 190 N.C. 580, 130 S.E. 165; *Morrison v. Lewis,* 197 N.C. 79, 147 S.E. 729; *Underwood v. Dooley,* 197 N.C. 100, 147 S.E. 686, 64 A.L.R. 656; *Johnson v. Smith,* 215 N.C. 322, 1 S.E. 2d 834; *Thompson v. R. R.,* 216 N.C. 554, 6 S.E. 2d 38; *Moore v. Moore,* 224 N.C. 552, 31 S.E. 2d 690.

If the fact of the pendency of such prior action appears on the face of the complaint, it is ground upon which defendant may demur to the complaint. G.S. 1-127. But if the fact does not so appear, objection may be raised by answer, G.S. 1-133, and treated as a plea in abatement. *Cook v. Cook,* 159 N.C. 47, 74 S.E. 639; *Allen v. Salley, supra; Thompson v. R. R., supra.*

Indeed, in *Alexander v. Norwood, supra,* the Court went so far as to say: "The plaintiff has no election to litigate in the one or bring another action (*Rogers v. Holt,* 62 N.C. 108), and the Court will *ex mero motu,* dismiss the second action, as the parties even by consent, cannot give the court jurisdiction. *Long v. Jarratt,* 94 N.C. 443." To like effect are these cases: *Emry v. Chappell, supra; Construction Co. v. Ice Co., supra.*

Moreover, it is said that the entire spirit of our Code procedure is to avoid multiplicity of actions. Hence where an action for damages arising by tort from a collision between automobiles has been instituted by one of the parties, he may successfully plead the pendency of this action in bar to a later action brought against him by the opposing party in another county, and have it dismissed. *Allen v. Salley, supra; Boney v. Parker,* 227 N.C. 350, 42 S.E. 2d 222. The remedy open to defendant in the prior action, plaintiff in second action, is by way of counterclaim set up in the prior action.

In such case as in the present instance the causes of action in the respective cases arise out of, and are bottomed on the same collision,— each alleging actionable negligence against the other.

The only question remaining is whether the parties to the action in Superior Court of Wilkes County are the same as the parties to the present action in Superior Court of Davie County.

In this connection, at common law the liability of members of a partnership for a tort committed in the course of its business is joint and

several: *Hall v. Younts,* 87 N.C. 285; *Mode v. Penland,* 93 N.C. 292. Annotations 175 A.L.R. 1310.

In *Hall v. Younts, supra,* in opinion by *Ruffin, J.,* it is said: "But partners, like individuals, are responsible for torts committed by their agents under express commands under the maxim *qui facit per alium facit per se,* and a partner acting in the name of the firm, touching its business and with a knowledge of the other members must be regarded as the agent of all. In all such cases, says Collyer on Partnership, Sec. 457, the tort is looked upon as the joint and several tort of all the partners, and they may be proceeded against in a body, or one may be sued for the whole of the injury done."

The holding in *Mode v. Penland, supra,* is to like effect. There *Merrimon, J.,* for the Court, declared: "Although all the partners are liable in such cases and *may* be sued, it does not follow that all of them *must* be sued. The law treats all torts as several, as well as joint, and the party injured may, at his election, sue all of the partners, or any one or more of them, for the injury done him . . . So that the plaintiff, if he suffered the injury complained of, could maintain his action against the defendant alone, or against him and his partners . . ."

And the common law rule of joint and several liability of partners for a tort committed by one of the members of the partnership is incorporated in the Uniform Partnership Act, adopted by the General Assembly of this State. See P.L. 1941, Chapter 374, now Article 2 of Chapter 59 of the General Statutes.

This Uniform Partnership Act provides: That a partnership is an association of two or more persons to carry on as co-owners a business for profit, G.S. 59-36; that every partner is an agent of the partnership for the purposes of its business, and the act of every partner for apparently carrying on in the usual way the business of the partnership of which he is a member ordinarily binds the partnership, G.S. 59-39; that where by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his co-partners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act, G.S. 59-43; and that all partners are liable jointly and severally for everything chargeable to the partnership under G.S. 59-43.

Therefore it is not necessary that all members of an alleged partnership should be served with summons. A partnership is represented by the partner who is served, and as to him a judgment in the action in which he is served would be binding on him individually, and as to the partnership property. But as to a partner not served with summons, the judgment would not be binding on him individually. Nevertheless even

after judgment such partner could be brought in and made a party.   The court may, before or after judgment, direct the bringing in new parties to the end that substantial justice may be done.   G.S. 1-73.   *Bullard v. Johnson,* 65 N.C. 436; *Walker v. Miller,* 139 N.C. 448, 52 S.E. 125, 1 L.R.A. (N.S.) 157, 111 Am. St. Rep. 805; *Daniel v. Bethell,* 167 N.C. 218, 83 S.E. 307; *Johnston Co. v. Stewart,* 217 N.C. 334, 7 S.E. 2d 708.

Applying these principles to the case in hand, it would seem that T. P. Dwiggins, one of the partners in Smith-Dwiggins Motor Company, having been made a party individually to the action as originally instituted in Superior Court of Wilkes County before the action was commenced in Superior Court of Davie County, the case is staked out, so to speak, in Wilkes County.   The rights and liabilities of the partnership arising out of the collision are dependent upon the acts of T.P. Dwiggins in connection therewith.   Therefore, whatever rights of action T. P. Dwiggins, individually and his partnership, whose automobile it is alleged in the present action he was operating at the time of the collision involved, may have against the Parkway Bus Company, arising out of the collision, can be determined in the action in Wilkes County, and, therefore, must be litigated in that action.   *Allen v. Salley, supra.*

Hence the judgment from which this appeal is taken will be set aside. The action abates.

Action abated.