GILMER F. SEAWELL AND WIFE, ELVA SEAWELL, WILEY PURVIS, HUSBAND OF ORA SEAWELL PURVIS, DECEASED, FRANKLIN PURVIS AND WIFE, RUBY PURVIS, AND ARTHUR PURVIS, SINGLE, v. VIRGINIA PURVIS, MINOR DAUGHTER OF ORA SEAWELL PURVIS; LESTER PURVIS, MINOR SON OF ORA PURVIS, OLIVER SEAWELL AND WIFE, MITTIE SEAWELL; HOMER SEAWELL AND WIFE, ETHEL SEAWELL.

(Filed 24 May, 1950.)

**1. Abatement and Revival § 6—**

Where the pendency of a prior separate proceeding is pleaded in bar, the trial judge must first determine the plea in bar before considering other matters in issue, since if there be a prior separate proceeding pending between the same parties on substantially the same subject matter in which all material questions and rights may be determined, the second proceeding must be dismissed.

**2. Same—**

.A special proceeding, as well as a civil action, is deemed to be pending from the time it is commenced, G.S. 1-88, until its final determination, G.S. 1-208. G.S. 1-393.

APPEAL by respondents Oliver Seawell 'and wife, Mittie Seawell, from *Phillips, J.,* at February Term, 1950.

Special proceeding instituted 7 February, 1949, for the partition of certain specifically described land in Moore County, North Carolina, of which Catherine A. Seawell died seized, in accordance with petitioner's interpretation of the provisions of the will of Catherine A. Seawell, deceased.

The respondent Oliver Seawell, *in propria persona,* filed answer 23 February, 1949, objecting to the sale of the timber and equal division of land, and prayed that the petition be ignored for that all the heirs have accepted their part of the money according to the will and are now trying to settle the land otherwise than as the will specifies.

On 28 February, 1949, Homer Seawell, through his attorney, E. J. Burns, filed answer to the petition denying in material aspects the allegations of the petition, and pleading in bar of this proceeding specifically the pendency of a prior special proceeding in Superior Court of Moore County between the same parties for partition of the same land,—the judgment roll in that prior special proceeding being set out as a part of the answer.

Subsequently, the judge of Superior Court, without passing upon the plea of the pendency of a prior special proceeding between the same parties and on the same subject matter, entered an order interpreting the will of the said Catherine A. Seawell, and directing a partition of the land in accordance with such interpretation.

Respondents Oliver Seawell and wife, Mittie Seawell, appeal therefrom and assign error.

*H. F. Seawell, Jr., for plaintiff, appellee.*
*Gavin, Jackson & Gavin for defendants, appellants.*

WINBORNE, J. An inspection of the record on this appeal reveals error in law upon the face of the record. The pendency of a prior special proceeding, being pleaded in bar of this special proceeding, as shown by answer appearing in the record, it was the duty of the trial judge to have passed upon the plea before proceeding to give further consideration to other matters at issue. And if there were a prior special proceeding pending between the same parties on substantially the same subject .matter, and all the material questions and rights can be determined

therein, this special proceeding should be dismissed. See *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892, and cases there cited, where the subject has been recently treated. See also *Grady v. Parker,* 230 N.C. 166, 52 S.E. 2d 273.

In this State a civil action is deemed to be pending from the time it is commenced, G.S. 1-88, until its final determination. G.S. 1-208, *McFetters v. McFetters,* 219 N.C. 731, 14 S.E. 2d 833; *Moore v. Moore,* 224 N.C. 552, 31 S.E. 2d 690; *Dwiggins v. Bus Co., supra.* See also *Henderson v. Henderson, ante,* 1. And the provisions of the statutes on civil procedure are applicable to special proceedings except as otherwise provided. G.S. 1-393.

In the light of the decision in the *Dwiggins* and *Grady cases, supra,* the judgment from which appeal is taken will be set aside, and further proceeding had on the plea of the pendency of another action in accordance with this opinion.

Error and remanded.